FORT WORTH & NEW ORLEANS RAILWAY COMPANY v. W. W. PEARCE, GUARDIAN.

No. 2672.

1.   **Charge of Court.**—When evidence of title is necessary to a recovery of damages sued for, and it is clearly proved, its existence may be assumed in the phraseology of a charge which instructs the jury as to the law of damages in the particular case. When a fact is clearly established by evidence, a charge which is based on its existence is not a charge, in contemplation of the statute, on the weight of evidence.  ·

2.   **Parties.**—In a suit by heirs to recover damages for injury to land the defendant may, by proper plea, have the father, in whom is vested a life estate to one-third of the property, made a party.   Failing in this, he may by instruction limit the recovery to the interest of the minors.   If the plaintiff be the father of the minors, and he alleges ownership in them, he is estopped from afterwards recovering damages to his life estate, and a judgment for damages to the entire estate will not be disturbed.

3.   **Damages.**—The damage to city lots caused by the construction of a railway track along a street upon which they abut, is the difference in value of the lots immediately before the construction of the roadbed, and its value immediately after the construction, and its use made for passage of cars and engines.   In ascertaining this, if the lots were before valuable for residence purposes the jury may estimate the depreciation in value caused by cuts and excavations, and the noises, bell ringing, whistle blowing, and smoke and cinders, incident to operating the road.

APPEAL from Tarrant.    Tried below before Hon. R. E. Beckham.
The opinion states the case.

*Templeton & Carter*, for appellant.—1.    The charge complained of by
the first assignment was a charge upon the weight of evidence and wrong-
fully assumed that plaintiff had proven her exclusive ownership of block
45.    Sayles Civ. Stats., art. 1646; Id., art. 1317, note 5, citing Hower-
ton v. Holt, 23 Texas, 51; Railway v. Murphy, 46 Texas, 356; Sparks.
v. Dawson, 47 Texas, 138; Altgelt v. Brister, 57 Texas, 432; Railway v.
Ormand, 62 Texas, 274.

2.    Proof of Contents of Lost Deed, etc.    Vandegriff v. Piercy, 59
Texas, 372.    Wiggins v. Flashel, 50 Texas, 63.

3.    The court erred in the following portion of said charge: "In esti-
mating the depreciation in value of plaintiff's property, if you believe
there was any such depreciation under the foregoing instructions, you
may take into consideration the depreciation, if any, that may have been
caused by the excavations on Jones Street, and also any depreciation in
value of said property you may believe was occasioned by the probable
fact that defendant in operating and using its road would make unusual
and loud noises, such as ringing of bells and blowing of whistles, and
would emit from its engines smoke and cinders, and would cause other
like annoyances naturally incident to the operating and using cars on
said railway;" because the proof showed that the block in question was
a vacant block, unoccupied and unenclosed, and there was no proof
showing that it was ever contemplated to use it as residence property, or
make such use of it as that unusual and loud noises and other like an-
noyances naturally incident to the operation and use of cars on said rail-
way would depreciate the value of said property for such use.

No brief on file for appellee.

ACKER, PRESIDING JUDGE.—W. W. Pearce brought this suit as guar-
dian of the estate of his minor daughter, Nannie Pearce, against the Fort
Worth & New Orleans Railway Company to recover damages for the in-
jury done to block 45, in Tucker's Addition to the city of Fort Worth,
situated on Jones Street, alleged to be the property of said minor.    It was
alleged that the block was only valuable for residence purposes, and had
been permanently injured and depreciated in value to the amount of three
thousand dollars in consequence of defendant having constructed its road
bed along Jones Street adjacent to the property, and occupying and
using Jones Street as its right of way, operating trains thereon, emitting
sparks of fire from its locomotives, endangering any buildings that might
be erected on the block, emitting smoke and cinders from passing loco-

motives, making harrassing noises by ringing bells, blowing whistles, and the rumbling and jarring of passing trains.

The defendant answered by general denial, and specially that it constructed its railroad along and upon Jones Street under an ordinance of the city of Fort Worth authorizing it to do so, and constructed its road with care so as to injure abutting property as little as possible.

There was verdict and judgment for plaintiff for sixteen hundred dollars.

There is no appearance here for appellee. No special charges were asked, and no exceptions were taken to the admission or exclusion of evidence on the trial.

The assignments of error presented relate to the charge given.

Under the first assignment it is urged that the court erred in charging the jury, "You are instructed that if you believe from the evidence that plaintiff's property at or about the time alleged in the petition was damaged by defendant," etc., "because the charge assumed that the property described in the petition had been proven to be the property of plaintiff, and did not submit to the jury the question of ownership of said property nor the extent of the interest of said minor in said property at the time of the construction of said railroad."

Plaintiff proved a connected chain of title from the government, all of the links being shown by written muniments except two, one of which was a deed from the patentee E. S. Terrell to Julian Field, the execution and delivery of which was proved by the testimony of Julian Field without objection, and the other, plaintiff's heirship to her mother, Nannie J. Wesley, to whom the last conveyance was made, was admitted by defendant. This evidence was not controverted. There can be no charge upon the weight of evidence where there is no conflict in the evidence. Under the evidence in this case the court might properly have charged the jury that plaintiff had proven title to the land. Teal v. Terrell, 58 Texas, 261.

The second assignment of error is:

"The court erred in the following portion of said charge: 'In estimating the depreciation in value of plaintiff's property, if you believe there was any such depreciation under the foregoing instructions, you may take into consideration the depreciation, if any, that may have been caused by the excavations on Jones Street, and also any depreciation in value of said property you may believe was occasioned by the probable fact that defendant in operating and using its road would make unusual and loud noises, such as ringing of bells and blowing of whistles, and would emit from its engines smoke and cinders, and would cause other like annoyances naturally incident to the operating and using cars on said railway;' because said charge, in connection with the first paragraph of the charge of the court, conveyed to the jury the opinion of the court

that the plaintiff had shown that she was the exclusive owner of the property described in her petition and entitled to recover damages as such exclusive owner, whereas the proof showed, upon the trial of the cause, that W. W. Pearce was the plaintiff's father, and that the property in controversy was purchased by Nannie Wesley while a *feme sole*, and before her marriage with W. W. Pearce, alias Bill Pearce, and that Nannie Wesley had died, leaving the plaintiff, Nannie Pearce, her sole child, and the said W. W. Pearce, her husband, who, under the laws of descent, was entitled to a life estate of one-third in said block of land, and a corresponding amount of the damages, if any, that might be recovered for damages and depreciation to said property or its use and occupancy."

This assignment admits that the proof showed that the minor plaintiff owned the fee simple estate in the land, and what has been said in discussing the first assignment disposes of the first ground of objection to this portion of the charge. The suit was to recover damages for injury to the fee or reversion, and the court in its charge limited the recovery to permanent injury to the land. There was no plea in abatement for the nonjoinder of the tenant for life in one-third of the block. The land was not in the actual use and occupancy of the surviving husband, and the recovery was sought for injury to reversion alone. We think there is no doubt that the tenant for life in possession might have his action for damages resulting to his possession, use, and occupancy of one-third of the land for life, and defendant might have compelled his joinder in this action by proper plea in the court below, or should have asked a special charge limiting the recovery to the interest of the minor, if it was desired to present the question of the right of the tenant for life to recover. The charge was correct in terms and applicable to the case made by the petition. The suit was to recover damages for injury to the minor's estate, brought by the tenant for life, who was the father and guardian of the minor. He expressly alleged in the petition that his ward was the owner of the block, and we think he is thereby estopped to hereafter assert damages to his estate in the land.

We think the charge could not have operated prejudically to appellant. It filed no plea in abatement, asked no special charge, and besides, as we have seen, the judgment is conclusive of the rights of the tenant for life.

The third assignment of error is: "The charge was wrong and erroneous in this, in telling the jury they might take into consideration the damages in addition to the depreciation in value of the property by the probable fact that the defendant in operating and using its road would make unusual and loud noises, such as ringing of bells and blowing of whistles, and would emit from its engines smoke and cinders, and would cause other like annoyances naturally incident to the operation and use of cars on said railway. Because the proof showed that the block in question was a vacant block, unoccupied and unenclosed, and there was

no proof showing that it was ever contemplated to use it as residence property or make such use of it as that unusual and loud noises and other like annoyances naturally incident to the operation and use of cars on said railway would depreciate the value of said property for such use."

The record does not sustain this assignment.    The court did *not* charge the jury that "they might take into consideration the damages in addition to the depreciation in value of the property by the probable fact that the defendant in operating and using its road would make unusual and loud noises," etc.    After charging the jury, "The measure of such damages, if any, will be the difference in the value of plaintiff's property immediately before and immediately after the construction and use and operation of its road on said Jones Street, adjacent to plaintiff's property," in immediate connection therewith the following charge was given:

"In estimating the depreciation in value of plaintiff's property, if you believe there was any such depreciation under the foregoing instructions, you may take into consideration the depreciation, if any, that may have been caused by the excavation of Jones Street, and also any depreciation in the value of said property you may believe was occasioned by the probable fact that defendant in operating and using its said road would make unusual and loud noises, such as ringing of bells and blowing of whistles, and would emit from its engines smoke and cinders, and would cause other like annoyances naturally incident to the operation and use of cars on said railway."

It appears from the evidence that the property is situated in that part of the city occupied by residences, and that it is valuable principally for residence purposes.    The defendant's road bed is situated in a cut or excavation made by it for that purpose, from eight to twelve feet deep, extending along Jones Street on the entire east side of the block.    The road bed is evidently permanently located there, over which defendant's locomotives and cars have been regularly operated ever since its construction. The evidence tended strongly to show that the property would be used for residences, and that it would probably not be used for any other purpose. Under this state of facts and in view of the averments of the petition we think the charge here complained of was proper and in no way prejudicial to defendant.

Upon a careful consideration of the entire case we find no error, and are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted December 3, 1889.