EASTERN TEXAS RAILROAD COMPANY v. J. P. EDDINGS ET AL.

Decided October 16, 1902.

1.—Eminent Domain—Railroads—Measure of Damages to Land—Market Value.

The measure of damages to real estate from the construction and operation of a railroad in a street near by is the difference in the market value of the property just before such construction and just afterwards.

2.—Same—Basis of Estimate—Common Benefit.

In estimating the damages to the property from the construction and operation of the road, evidence of a general increase in the value of the property in the neighborhood from the presence of the railroad is not admissible.

3.—Same—Homestead.

Where the property injured is being used as a homestead, evidence of damage to its use as such by reason of the construction of the road is admissible.

**4.—Same—Antecedent Offer of Price.**

Evidence of what the owner had been offered for the property five years before the construction of the road was not admissible.

**5.—Same—Opinion.**

The opinions of witnesses as to the value of the property were admissible where the witnesses were shown to be qualified to give an opinion.

Appeal from the District Court of Angelina County. Tried below before Hon. Tom C. Davis.

*E. J. Mantooth,* for appellant.

GARRETT, Chief Justice.—The appellees brought this action against the appellant to recover for damage to certain lots of land owned by them, situated in the town of Lufkin, alleged to have been caused by the building of appellants railroad on Herndon street in said town. The lots were occupied by the appellees as a homestead, and evidence was offered by them and received tending to show depreciation in the value of the lots for use as a residence by the building and operation of the railroad in the street. This character of testimony was objected to by the appellant, it being contended that the inquiry as to the damage should be general, and that if the lots were as valuable after the building of the railroad for some other purpose as they were just before no injury would be shown. And it was sought to be shown by the appellant that property on Herndon street in the neighborhood where the property of appellees was situated was increased in value by the presence of the railroad. Objection was also made to the admission of the testimony of the appellee J. P. Eddings that he had been offered $1200 for the property five or six years before the trial, which was less than a year after the construction of the railroad. If the property of the appellees has been injured by the construction of the appellant's railroad in Herndon street they are entitled to recover damages. The measure of damages is the diminution of the value of the property resulting from the construction and operation of the railroad in the street contiguous to appellees' property, to be determined by ascertaining the difference between the market value of the property just before the construction of the railroad and its value just after such construction. Railway v. Fuller, 63 Texas, 471; Railway v. Downie, 82 Texas, 383; McFadden v. Schill, 84 Texas, 79; Railway v. Pearce, 75 Texas, 285; Railway v. Rosenthal, 79 Texas, 328.

In estimating the damages the appreciation in value of the property caused by the presence of the railroad which is common to the neighborhood can not be considered. The evidence as to appreciation in value introduced by the appellant in the court below tended only to show a general increase in the value of property in the neighborhood. The owner of property may make any lawful use of it, and the property in question having been devoted by the appellees to use as a home-

stead and their residence being thereon already when the injury was inflicted, it was proper to receive evidence tending to show the extent of the injury to its use for homestead purposes, that being the purpose for which it had been adapted and was used. Damages can only be given for an injury peculiar to the property affected. The peculiar injury in this case is to the use of the property as a homestead.

Testimony as to what the owner was offered for the property was not competent evidence, because the inquiry was as to the value of the land at the time the railroad was constructed and not several years before that time. Railway v. Ruby, 80 Texas, 175. But the opinions of witnesses may be received as to the value of the property when they are shown to be qualified to give an opinion. Railway v. Ruby, supra.

For the error of the court in receiving the testimony of the appellee J. P. Eddings as above shown, the judgment of the court below will be reversed and the cause remanded for another trial.

*Reversed and remanded.*