## MAGGIE M. KENNEDY ET AL. v. TRAVIS COUNTY.

Decided June 15, 1910.

**1.—Eminent Domain—Damages.**

One whose land is condemned for a public road is entitled to damages, in addition to the value of the land taken, for depreciation in the value of the remainder of the tract by the opening of the road through it.

**2.—Same—Purpose for Which Used.**

The purpose for which land is used may be considered in determining the damages to the part not taken by the opening of a public road through it; but so, also, may be the purposes for which it is adapted.   If it was in use for a pasture, and the road depreciated its value for that purpose, but it was also adapted for agriculture, and its value for that purpose was enhanced, nothing was recoverable for damage to the part not taken, where its market value generally was enhanced, not depreciated, by the opening of the road.

**3.—Case Limited.**

The rulings in Eastern Texas R. Co. v. Scurlock, 75 S. W., 367, limited, distinguished and explained.

**4.—Charge.**

A requested instruction is properly refused when argumentative in form.

**5.—Eminent Domain—Condemnation—Collateral Attack.**

Complaint of the introduction of evidence that third parties had guaranteed payment of the damages for condemnation of land for a public road, on the ground that the propriety of opening it should be determined independently of such fact, was not ground for the reversal of the judgment of the County Court awarding damages for its opening, it being in the nature of a collateral attack on the judgment of the Commissioners' Court ordering the road to be opened, and no issue as to the necessity for condemnation being involved.

Appeal from the County Court of Travis County.   Tried below before Hon. R. E. White.

*J. M. Patterson* and *D. H. Doom*, for appellants.—The owner of property has the right to use it for any lawful purpose and no one has

the right to lessen its value for the purpose that the owner is making of it; and when property is taken for a public use, the owner is entitled to have his damage assessed with reference to the particular use that he is making of it at the time it is damaged. Eastern Texas Ry. Co. v. Eddings, 70 S. W., 98; Eastern Texas Ry. Co. v. Scurlock, 75 S. W., 367; St. L. M. & S. E. Ry. Co. v. Continental Brick Co., 198 Mo., 698; Dallas Terminal Ry. Co. v. Misher Mfg. Co., 60 S. W., 893; Inhabitants of Readington v. Dilley, 24 N. J. Law, 209-215.

Where a part of a tract of land is taken for a public road the owner is entitled to compensation for all injuries that are special and peculiar to the tract and benefits that are common to the neighborhood can not be set off against the special damage. Welch v. Milwaukee, St. Paul Ry. Co., 27 Wis., 108; City of Ely v. Conan, 97 N. W., 737; Dallas Terminal Ry. Co. v. Mosher Mfg. Co., 60 S. W., 893.

The undisputed evidence shows that the place was depreciated in value as a stock farm and that this was the use then being made of it. There is evidence that opening the road appreciated the value of the place for strictly farming purposes, and that the opening of the road was a common benefit to the community. The court did not instruct the jury that they should consider the use that appellants were making of the land, but only instructed as to the market value generally. Railway Co. v. Combs, 51 Ark., 324; I. B. & W. R. Co. v. Cook, 102 Ind., 133; Otoe County v. Heye, 19 Neb., 289; L. & M. R. Co. v. Thompson, 57 Ky. (18 B. Mon.), 735; St. L. M. & S. E. Ry. Co. v. Continental Brick Co., 198 Mo., 698.

*Sandbo & Shelton,* for appellee.—That the measure of damages given by the charge was correct: Railway v. Hogsett, 67 Texas, 695; Railway v. Wallace, 12 S. W., 227; Railway v. Pearce, 75 Texas, 281; Rosenthral v. Railway Co., 79 Texas, 325; Railway Co. v. Haas, 37 S. W., 167; Railway Co. v. Wills, 41 S. W., 844; Railway Co. v. Danials, 66 S. W., 198; Railway Co. v. Home, 69 Texas, 643; Railway Co. v. Seymour, 63 Texas, 347; Railway v. Helsey, 62 Texas, 593; Railway v. Haskell, 4 Texas Civ. App., 550.

JENKINS, ASSOCIATE JUSTICE.—Proceedings were commenced in the Commissioners' Court of Travis County for the condemnation of a public road through a tract of 663 acres of land owned by appellants in said county. The undisputed evidence shows that Brushy Creek runs through said land from east to west, near the north line thereof, and that the road as laid out through said land runs through the same from east to west, leaving about 370 acres of said land on the south side of said road, and that there is not water on that portion of the land on the south side of the road, the only water on said land being in said creek; that appellants are using said land for the purposes of pasturage, and that the only way in which stock south of said road can get water is by passing through a cut under said road.

Appellants were allowed $250 damages by the Commissioners' Court, and upon appeal to the County Court the jury awarded them the same amount. It is agreed that this sum is full compensation for the land actually taken, for the fences necessary to be built, and for making the

cut across and under said road. And it is further agreed that no damages were allowed for decreased market value of the land not taken.

Appellants' assignment of error that the verdict is contrary to the evidence will not be considered, for the reason that there is sufficient evidence to support the finding of the jury.

Appellants contend that they should be awarded damages for the reason that the uncontradicted evidence shows that the land lying south of the road is injured for pasturage purposes, and that, as appellants were using the land for that purpose, no other purpose for which said land is capable of being used should be considered. It is true that, in estimating damages that may be recovered for running a road through land, or in constructing a railroad on a street in front of one's premises, the uses to which said premises are being put may be taken into consideration. As, for instance, where the property is being used for residence purposes; or, if not being actually used for such purpose, where it is valuable only or principally for such purpose. Eastern Tex. R. Co. v. Eddings, 30 Texas Civ. App., 170, 70 S. W., 98; Eastern Tex. R. Co. v. Scurlock, 75 S. W., 367; Ft. Worth & N. O. Ry. Co. v. Pearce, 75 Texas, 285. But the damages which may be recovered where land is taken under the right of eminent domain, for the purpose of·constructing a road across the same, are, first, the actual value of the land taken; and, second, the difference between the market value of the remainder of the land immediately before the construction of said road and immediately thereafter. Dulony v. Nolen County, 85 Texas, 225, 20 S. W., 20, and the cases above cited. The true basis for estimating damages is compensation for the loss sustained. The loss to the owner of land, if any, by reason of constructing a road across the same, is the decrease in the market value thereof by reason of such road; and when he is allowed a sufficient amount to cover such decrease, he has received full compensation, and when there is no decrease, it follows that he is not entitled to any compensation except to be paid the value of the land actually taken.

We do not believe that it is a sound proposition of law that a party who owns land which may be used for pasturage, but is not valuable for that purpose only, may recover damages for running a road through the same and injuring it for pasturage purposes, if thereby the market value of the land is not decreased, but, on the contrary, is increased for other purposes for which it is suitable. There can be no doubt, under the evidence in this case, that the land lying south of the road is not as valuable for pasturage purposes as it would· be without said road. But, on the other hand, the evidence in this case shows that the land in question is worth from $65 to $75 per acre for farming purposes, which is far more than it is worth for pasturage purposes, and that its value for farming purposes is considerable enhanced by the laying out and construction of said road through said tract of land.

We believe that the charge of the court in this case submitted the proper test as to measure of damages, to wit: The difference in the market value, if any, immediately before and immediately after laying out said road. It is also true that in the matter of the increased value of the land there is not to be considered such advantages as are common to all land in that vicinity; and there is nothing to indicate that

the jury were led to consider any such increased values. The evidence was confined to the increased value of this particular tract of land by reason of the construction of this particular road. In the case of Railway Co. v. Scurlock, supra, we find the following language: "The plaintiff complained that appellant, by the means alleged, had damaged his property as a homestead. The trial court heard evidence on that issue and submitted it only to the jury. Appellant contends that this was error, because there was evidence to the effect that for general purposes the property would have brought more money in the market than prior to the advent of the road. No error was committed in the respect complained of. It is well settled that a man has the right to put his property to such lawful use as he chooses, and that no one has a right to lessen its value for that particular use." It can not be meant by this language that no one has a right to lessen the value of another's property for the particular use to which he is putting it, because the law gives the right in the exercise of the power of eminent domain, to not only lessen, but to entirely destroy the value of another's property for the use to which he is putting it, and for all other purposes. What is meant, evidently, by the court is that no one has the right to lessen its value without making compensation therefor; and that, in determining the amount of compensation, the particular use to which the property is being put is a proper matter to be considered. It will be noted that in that case the court says that the appellant contends that the trial court committed error because there was evidence to the effect that the property would have brought more money in the market than it would have brought "prior to the advent of the road." It will be seen, by further reference to the case, that the defendants therein were claiming, as an off-set against the damages alleged, that plaintiff's property had been enhanced in value "by the coming of appellant's road, and by the construction of its freight and passenger depot across the street from it, and by draining and grading the street." All of which benefits, if they existed, were shared by other property in that vicinity in common with the property in question, and were not proper to be off-set as against damages suffered by plaintiff. The court, in that case, cites the case of Railway Company v. Eddings, supra, in which it was held that the measure of damages to property from the construction and operation of a railroad in the street, is the difference in its market value just before and just after the construction. In estimating the depreciation in the market value it was held proper to take into consideration the fact that the property in question was being used at the time as a residence. The case of Baltimore & Pat. Ry. Co. v. Fifth Baptist Church, 108 U. S., 317, 27 Law. Ed., 739, is also cited. That was not a case where any part of the plaintiff's property was taken, and did not arise in the exercise of the right of eminent domain. The Railway Company built its roundhouse on its own land adjoining the church, and used the same in such a way as to constitute a nuisance. The court held in that case that among other elements of damages might be considered the fact of the annoyance to the members of the Church while worshipping therein. This is as strong a case as we have seen upon the proposition that depreciation in market value is not the only element of damages; but

we think the facts of that case clearly differentiate it from the case now under consideration.

We have no doubt of the correctness of the decision of the court in the case of Railway Co. v. Scurlock, supra, but do not think that the same, under the facts of that case, is against our opinion in this case.

The appellants complain of the failure of the court to give a special charge with reference to what should be considered in determining the depreciated value of the land. The requested charge was argumentative in form, and did not contain any reference to the matter of market value, which, as we have said, we think to be the test as to the measure of damages in this case. Therefore, we hold that the court did not err in refusing to give said charge.

The evidence in this case shows that certain citizens in the vicinity of this road had guaranteed the Commissioners' Court that they would pay all damages that might be allowed the appellants by reason of the laying out and opening of said road. Appellants contend that this was improper, and that said court should have been left free to determine as to whether or not said road would be opened, without reference to anything that might be done by other parties. This is in the nature of a collateral attack on the judgment of the Commissioners' Court, which is not in issue in this case. What we are passing on is the judgment of the County Court of Travis County, based upon the verdict of a jury. There was no issue raised, either in the Commissioners' Court or in the County Court, as to there being no public necessity for this road.

Finding no error in the record, the judgment of the court below in this case is affirmed.

*Affirmed.*