STATE v. HUTCHINSON.

(Court of Civil Appeals of Texas.   Dec. 22, 1910.)

1. EMINENT DOMAIN (§ 262*)—DAMAGES—REVIEW.

A verdict finding the value of the land actually taken for a right of way and the damages sustained to the balance of the land, as authorized by Rev. St. 1895, arts. 4460, 4461, rendered on conflicting evidence and supported by evidence, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Eminent Do-, main, Cent. Dig. § 685; Dec. Dig. § 262.*]

2. EMINENT DOMAIN (§ 262*)—HARMLESS ERROR—IMPROPER ARGUMENT OF COUNSEL—EFFECT.

Where,, in proceedings to condemn land, the amount awarded is fairly supported by the evidence, the judgment will not be reversed because of the improper argument of the counsel of the owner.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 686; Dec. Dig. § 262.*]

Appeal from Anderson County Court; C. C. Funderbuck, Judge.

Proceeding by the State to condemn the land of T. J. Hutchinson for a state railroad right of way. From a judgment awarding damages, the State appeals. Affirmed.

Gregg & Brown, for the State. Campbell, Sewell & Strickland, for appellee.

REESE, J.   This is a proceeding in the name of the state of Texas to condemn certain land belonging to T. J. Hutchinson in the city of Palestine for right of way of the State Railroad. The defendant was not satisfied with *the award, and appealed to the county court, where, upon a trial with .a jury, defendant was awarded $1,000 as the value of the property actually taken and damages to the remainder of his land. From the judgment, the state appeals.

Appellee was the owner of a tract of two acres of land in the city of Palestine, upon which he lived. His residence was upon the east acre of the tract. The land sought to be condemned ran across the west acre on a slight curve, leaving a strip on the west

---

side 28 feet wide on the north end and 86 feet wide on ·the south end. The evidence of the value of the land actually taken and the damage to the other part of the land is conflicting, but in deference to the verdict of the jury we find that the value of such property, and damages, is $1,000, the amount awarded. Rev. St: 1895, arts. 4460, 4461; Eastern Texas R. R. Co. v. Eddings, 30 Tex. Civ. App. 170, 70 S. W. 98.

The law of the case was fully and fairly presented to the jury. We have examined each of the assignments of error and the several propositions thereunder, and have concluded that none of them presents any ground for a reversal of the judgment. It is not necessary that we should discuss each of the several assignments in detail.

The language used by counsel for appellee in his closing argument, as set out in the fourteenth assignment of error, was improper, and called for some action on the part of the court, even without objection by appellant. We are in some doubt whether the judgment should not be reversed on this ground, but hesitate to punish appellee for the violation of the rules on the part of his counsel, inasmuch as the amount of damages awarded is fairly supported by the evidence, and no other error authorizing reversal is shown. We resolve the doubt in favor of the judgment, and overrule the assignment.

We find no error requiring a reversal, and the judgment is affirmed.

Affirmed.