TEXAS POWER & LIGHT CO. v. MOERBE
et ux. (No. 5827.)

(Court of Civil Appeals of Texas. Austin. Nov. 21, 1917. Rehearing Denied Jan. 2, 1918.)

EMINENT DOMAIN ☞219 — CONDEMNATION PROCEEDINGS—RIGHT TO OPEN AND CLOSE.

Where, in condemnation proceedings, defendants admitted that the property sought to be condemned by plaintiff was subject to condemnation proceedings, that plaintiff had condemned and gone into possession in the manner provided by law, and that the only issues between plaintiff and defendants were the value of the property condemned and the damage done to defendants' adjoining property, defendants were entitled to open and close.

. Appeal from Milam County Court; John Watson, Judge.

Condemnation proceedings by the Texas Power & Light Company against Chas. Moerbe and wife. Defendants, being dissatisfied with the damages awarded by the commissioners, appealed to the county court, and, from the decision there rendered, plaintiff appeals. Affirmed.

Henderson, Kidd & Henderson, of Cameron, and E. A. Camp, of Rockdale, for appellant. E. A. Wallace, of Cameron, for appellees.

KEY, C. J. Appellant brought this suit for the condemnation of land for the purpose of erecting thereon a transmission line in order to carry an electric current from the town of Thorndale to the town of Rockdale, in Milam county, Tex. The county judge appointed commissioners, who qualified, and after hearing 'evidence made an award of damages to appellees in the sum of $70. Be-

ing dissatisfied with the amount of damages awarded, appellees appealed to the county court, where the question of damages was tried by a jury, who returned a verdict awarding appellees $750, and appellant has brought the case to this court for revision.

By the first assignment of error appellant complains of the action of the trial court in permitting appellees, who were defendants in the court below, to open and conclude in the introduction of testimony and argument to the jury. In order to obtain that right, appellees made this admission of record in the court below:

"These defendants here now admit that the property belonging to them, sought to be condemned by plaintiffs, is subject to condemnation proceedings, and that the plaintiff is entitled to have the same condemned and have condemned and gone into possession thereof in the manner provided by law; and that the only issues between plaintiff and the defendants is the value of the property taken and the damage done to these defendants' property adjoining that which has been condemned by plaintiff, and defendants here now, having filed this their written admission as to such issue, demand the opening and closing of the case of the remaining issues, both in the introduction of the testimony and the argument of the case."

Counsel for appellant make the contention that the burden of proof rested upon appellant in the county court to show the amount of injury to the defendants' land, that it was not entitled to a judgment condemning the same for an easement until the amount of such damage was shown, and that the admission did not go far enough to entitle the defendants to the right to open and close.

In G. C. Ry. Co. v. Brugger, 24 Tex. Civ. App. 367, 59 S. W. 556, and Calvert Ry. Co. v. Smith, 68 S. W. 68, that question was decided against the contention urged by appellant in this case. The Smith Case was decided by this court, and, while the report of it does not disclose the terms of the admission there made to secure the right to open and close, we have examined the record and find that it was substantially the same as was made in this case. We see no sufficient reason for overruling the two cases cited, and therefore the assignment under consideration is held to be untenable.

As to the amount of damages awarded by the jury, we are free to say that it appears to this court to be large, especially so when compared with the amount awarded by the commissioners appointed by the county judge. However, after a careful consideration of the statement of facts, we cannot say that there is no testimony supporting the verdict. The amount awarded is less than the injury to the land as estimated by some of the witnesses who were familiar with it, and with the value of such property adjacent to the town of Thorndale, as was the land in question. Some other questions are presented in appellant's brief, which have been duly considered, but are not deemed of such impor-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tance as to require discussion in this opinion. They have all received due consideration, and are decided against appellant.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.