## TEXAS POWER & LIGHT CO. v. SNELL et al. (No. 3637.)

Court of Civil Appeals of Texas. Texarkana. Feb. 15, 1929.

Rehearing Denied March 7, 1929.

Park & Dohoney and Long & Wortham, all of Paris, and Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

Beauchamp & Lawrence, of Paris, for appellees.

HODGES, J. The appellant is a private corporation engaged in operating high power lines for the transmission of electricity between different towns and cities. In July, 1927, it filed a petition with the county judge of Lamar county asking for the appointment of commissioners to assess the damages for a right of way for a line across a tract of 133 acres of land owned by the appellees, J. W. Snell and wife. Commissioners were appointed, who, after the usual proceedings and a hearing, assessed the damages at $250. The appellees filed their objection to the award of the commissioners as being insufficient. The controversy was then transferred to the county court, where a trial before a jury resulted in a judgment awarding the appellees damages in the sum of $1,000. The appellant has appealed from that judgment, claiming that the award is excessive.

The record shows that the appellees, defendants below, were allowed to open and close in the argument before the jury; and that ruling is the first error assigned. Appellant's contention is that the admission required by Rule 31 was not made and entered of record. It appears that at the proper time the attorneys for the appellees applied for and were granted the privilege of opening and closing the argument. The following entry was then made by the court on his trial docket: "No exceptions being filed by defendants to the plaintiff's pleading is considered to have waived any objections thereto and to admit legal right of plaintiff to exercise the right of eminent domain. The defendants therefore granted right to open and close this case." It is contended that the admissions contained in this entry are not sufficient, because they did not concede that the appellant had the authority to exercise the right of eminent domain and had exercised it in this case. Whatever may be lacking in the terms of the entry to express that concession, the record before us shows conclusively that the case was tried upon the assumption that the appellant did have the right of eminent domain and had exercised it in this case. The defendants below took the initiative in the introduction of testimony, and that offered related solely to the question of damages. In his charge the court instructed the jury that the appellant had the right to condemn the land for a right of way, and submitted only this issue: "In what amount have defendants J. W. Snell and Josie Snell been damaged by the erection of said transmission line across their premises herein mentioned?" The purpose of Rule 31 is to give the right to open and close the argument to the party who has the burden of proving the issues to be decided in the trial of the case. San Antonio v. Fike (Tex. Civ. App.) 211 S. W. 640. That the appellees, defendants below, assumed that burden throughout the trial, is clearly shown by the record.

The proof showed that the land involved in this controversy was used by Snell as his homestead and for the purpose of growing crops of cotton and corn. The line surveyed and adopted ran between the family residence and barn, passing through the cultivated land and a small pasture which had been sodded with mesquite grass. A large bois d'arc tree, valued by Snell as a shade for his stock in hot weather, was cut down and removed to prevent interference with the wires. Over the objection of the appellant, Snell was permitted to testify as to the value of that tree and the value of his residence, which was situated near the line. The court also admitted testimony over appellant's objection that some time before the trial a negro, while riding near appellant's 'line, had been struck and killed by lightning. This and other testimony of a similar nature was apparently offered to prove that the presence of a line of this character, carrying a heavy current of electricity, created a dangerous situation in stormy weather. This testimony was objected to as irrelevant and immaterial. That portion which related to the value of the tree and of Snell's residence was objected to upon the further ground that such injuries were in the nature of special damages which were not asked for in this case.

In suits of this character the owner of the property condemned has the right to prove any fact which shows that his property is made less valuable by the establishment of the easement sought. Ft. Worth & D. C. R. Co. v. Downie, 82 Tex. 383, 17 S. W. 620; Parker County v. Jackson, 5 Tex. Civ. App. 36, 23 S. W. 924; Eastern T. R. Co. v. Eddings, 30 Tex. Civ. App. 170, 70 S. W. 98. The jury may also take into consideration the purpose for which the property is being used at the time of its condemnation. McFadden v. Schill, 84 Tex. 79, 19 S. W. 368;

182

Gulf, C. & S. F. R. Co. v. Fuller, 63 Tex. 467. But conceding that all the testimony concerning the value of Snell's house and the dangers created by the erection of the line across his premises was subject to the objections made, we do not think its admission constitutes such error as requires a reversal of this judgment. The record shows that the court submitted the proper measure of damages, and there was ample legal evidence to support the verdict of the jury. Snell testified that the construction of the line across his premises diminished the value of his land $20 per acre. Four other witnesses testified as to the extent of the depreciation in the value of the land resulting from the construction of the line. Two of them estimated the damages at from $10 to $20 an acre, and two at $10 per acre. No witness placed a lower estimate upon the damages. The amount awarded was $300 less than the lowest estimate of any witness.

■ Appellant introduced a witness who testified that for a number of years he had lived upon and worked a farm in Lamar county, and that about three years ago the plaintiff had constructed a transmission line similar to the one in controversy across that farm, and that this line did not materially interfere with the use, cultivation, and production of crops. He was then asked whether or not in his opinion the construction and operation of a transmission line decreased the value of property across which it was constructed. The defendants objected to the question, on the ground that the answer would be immaterial; that the land of the witness and the land in controversy were many miles apart, and the conditions were not shown to be the same. The court sustained the objection, and the proffered testimony was excluded. If permitted the witness would have testified that in his opinion the market value of the land was not decreased by the presence of a transmission line. Appellant offered to prove the same fact by another witness, but the testimony was excluded. It is not likely that the admission of that testimony would have caused the rendition of a different verdict. It was only their opinions that were excluded, and those opinions were so at variance with any logical conclusion that might be drawn from the undisputed facts that it is altogether improbable that a jury would have been influenced by them. The easement sought by the appellant was a servitude of indefinite duration. It carried with it the right of the appellant to occupy with its poles portions of the land, and to some extent, at least, interfere with the use of the land not so occupied. It also gave the appellant the right at any time it became necessary to enter upon the premises for the purpose of repairing the line. Certainly the imposition of that servitude did to some extent render the premises less valuable to the owner. The appellant had in effect conceded as much, and was willing to pay some amount as compensation. The only issue before the court was, how much it should pay, not whether any amount should be paid.

The judgment is affirmed.