## FORT WORTH & D. N. RY. CO. v. JOHNSON.

### No. 3830.

Court of Civil Appeals of Texas. Amarillo.
Sept. 14, 1932.

Rehearing Denied Oct. 5, 1932.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, for appellant.

Willis, Studer & Studer, of Pampa, for appellee.

JACKSON, J.

The Fort Worth & Denver Northern Railway Company filed a proper statement in writing with the county judge of Gray county to have condemned for right of way purposes certain land which is fully described in the statement by metes and bounds.

The railway company alleged that it was duly and legally incorporated and authorized to construct, maintain, and operate tracks, yards, switches, etc., necessary and incidental to the operation of a railroad and to acquire the real estate necessary therefor; that the land desired for right of way purposes was owned and claimed by R. E. Johnson and wife, Virgie A. Johnson; and that Albert McAnally, Southern Life Insurance Company, Ryan Consolidated Petroleum Corporation, Syndicate Oil Corporation, and Southland Royalty Company each claimed some character of lien or interest in said land.

The county judge appointed commissioners to assess the value of the land and the damages, if any; they qualified, gave notice to all the alleged claimants and owners, had a hearing and awarded R. E. Johnson $608 and A. L. McAnally $35 as the value of the land appropriated and the damage occasioned to the remainder of said tract, and such award was duly filed in the county court.

R. E. Johnson was dissatisfied with the award of the commissioners and in proper time filed his objection thereto in writing, setting up the grounds thereof, but did not deny either generally or specially the right of the railway company to acquire the land for railroad purposes, but by inference conceded the authority of said company, by proper proceedings, to obtain the right of way.

He alleged that the land to be actually appropriated, 6.08 acres, was of the market value of $75 per acre, or the aggregate value of $456; that the remainder of the tract, 313.92 acres, would be diminished in value in the sum of $1,569.50, and prayed that upon a final hearing he recover said sums as his damages, with interest, and costs.

In county court, replying to the objections, exceptions, and pleadings of the said R. E. Johnson, the railway company filed numerous demurrers and a general denial.

In response to special issues submitted by the court, the jury found that the market value of the 6.08 acres of land condemned by the railway company was $456 and found, in effect, that the market value of the remaining 313.92 acres was diminished in the sum of $1,394.60. Upon these findings judgment was rendered for R. E. Johnson in the sum of $1,850.60 with 6 per cent. interest thereon from the date of the judgment and for costs, from which judgment the railway company appeals.

Albert McAnally, the Southern Life Insurance Company, Ryan Consolidated Petroleum Corporation, Syndicate Oil Corporation, and Southland Royalty Company were notified to present claims to the commissioners, but failed to do so. No citation was issued to either of them giving notice of the objections and exceptions filed by R. E. Johnson or of the hearing to be had in county court. The railway company urged the failure to have citations served on said parties as fundamental error, and in our former opinion this contention was sustained on the authority of Acree v. State et al. (Tex. Civ. App.) 47 S.W. (2d) 907.

After our original opinion was written, the appellee in due time filed a motion for rehearing, and Albert McAnally, Southern Life Insurance Company, Ryan Consolidated Petroleum Corporation, Syndicate Oil Corporation, and Southland Royalty Company each filed separate written instruments in this court by which, in effect, said parties disclaimed any interest in the compensation awarded R. E. Johnson by the judgment of the county court and asked that the appeal be considered on its merits. This action upon the part of said defendants makes the disposition of this appeal and the judgment of this court binding upon them, creating an

estoppel against each of them which would protect the railway company from any claim any of them might hereafter assert for compensation on account of any interest in the land. Smith v. Chipley, 118 Tex. 415, 16 S. W.(2d) 269; Perkins v. Terrell (Tex. Civ. App.) 214 S. W. 551; M., K. & T. Ry. Co. v. Hicks (Tex. Civ. App.) 194 S. W. 1145; Hughes-Buie Co. v. Mendoza (Tex. Civ. App.) 156 S. W. 328, 329. We therefore consider the record on the merits.

The appellant, railway company, presents as error the action of the trial court in permitting appellee, R. E. Johnson, to open and close the argument to the jury in the trial of the case because the burden of proof was upon the appellant to establish its corporate existence for railway purposes, its permit from the Interstate Commerce Commission authorizing it to construct the railroad, its failure to agree with appellee on the price and the value of the land sought to be taken.

The record discloses that the appellant introduced its articles of incorporation, and that thereupon it was agreed in open court between the appellant and appellee that it had secured a permit from the Interstate Commerce Commission to construct its line of railway and had authority to acquire the right of way involved in this proceeding. The appellant then introduced its application to the county judge for the appointment of commissioners, the order of the judge appointing them, their qualification, their order for the hearing, and their judgment awarding damages, the amount of land sought for right of way purposes, that its market value was from $55 to $75 per acre, that it had failed to agree with appellee as to the value of the land and had made him an offer therefor which he refused.

The appellee then offered testimony as to the value of the land taken for the right of way and as to the diminished value of the acreage in the remainder of the tract.

After the testimony was closed, the appellee filed his written admission that the appellant had the right to condemn the land; that the only issues in the case were the amount of damages and compensation; and that the burden was upon him to establish such damages and compensation by a preponderance of the evidence.

The appellant contends that this admission was insufficient under rule 31, but if it were not, that it was filed too late to authorize the court to permit the appellee to open and close the argument before the jury.

It will be observed that the appellee neither by pleading nor proof denied the authority of appellant to construct and maintain a railway and to acquire right of way across his land for that purpose. The only issues made by his pleadings and proof were the value of the land taken and the damage done to the remainder of the tract across which the right of way was condemned. No other issues were submitted to the jury and none requested.

The only questions to be determined were the market value of the land taken and the diminished value of the remainder of the tract. Upon these issues the burden was upon appellee, independent of the admission filed by him under rule 31 and the time of filing thereof. The court did not commit reversible error in permitting him to open and close the argument to the jury.

Article 2183, R. C. S., among other things, provides: "The party having the burden of proof on the whole case shall be entitled to open and conclude the argument."

The following authorities we think control: 16 Tex. Jur. 809, § 174; Texas Power & Light Co. v. Jones (Tex. Civ. App.) 293 S. W. 885 (writ refused); Texas Power & Light Co. v. Snell et al. (Tex. Civ. App.) 15 S.W.(2d) 180; Dallas & G. Ry. Co. v. Chenault et al. (Tex. App.) 16 S. W. 173; Texas Power & Light Co. v. Moerbe (Tex. Civ. App.) 199 S. W. 503; City of Rosebud v. Vitek (Tex. Civ. App.) 210 S. W. 728; G., C. & S. F. Ry. Co. v. Brugger, 24 Tex. Civ. App. 367, 59 S. W. 556.

The appellant nowhere contends that the testimony was insufficient to warrant the amount of compensation allowed the appellee by the jury or that such compensation was excessive. In our opinion it is evident from the record that no injury resulted to appellant by the ruling of the court in permitting the appellee to open and close the argument to the jury.

"It seems that the party upon whom the burthen of proof rests, should have the opening and conclusion of the argument to the jury. * * * But we are of opinion that a mere error of practice on a question of this kind, and from which, it is evident from the record, no injury has resulted to the appellant, affords no sufficient grounds for a reversal of the judgment." Belt v. Raguet, 27 Tex. 471, 481; Robb v. Robb (Tex. Civ. App.) 62 S. W. 125 (writ refused).

Our original opinion is withdrawn and the judgment is affirmed.