## MULLINS et ux. v. STATE.
### No. 3077.

Court of Civil Appeals of Texas. Waco.
March 26, 1953.

Kilpatrick & Parker, Cleburne, for appellants.

B. Jay Jackson, Granbury, for appellee.

TIREY, Justice.

This is a condemnation suit. The court submitted the following issues to the jury:

"Special Issue No. 1: What do you find was the value of the land taken away from defendants from a preponderance of the evidence?", to which the jury answered $250.

"Special Issue No. 2: What do you find was the amount of damages to the land retained by defendants from a preponderance of the evidence?", to which the jury answered $0.00 Dollars and Cents.

The court granted the State's motion for judgment and overruled defendant's motion for new trial and defendants have perfected their appeal.

The judgment of the court is assailed on six points.

Point 1-b is: "The court erred in refusing the motion filed herein by these defendants (immediately after these defendants had ascertained that the jury had been upon the property in question) requesting that the jury be discharged and a mistrial granted." (Points 1-a, 2-a and 2-b present substantially the same error).

On the morning of September 23, 1952, while this cause was in progress of trial, attorneys for appellants presented their motion to the court, out of the presence and hearing of the jury, asking the court to dismiss the jury and declare a mistrial because of the fact that the jury, on its own suggestion or at the suggestion of someone unknown to the defendants but with the knowledge of the County Judge trying the case, went to and upon the farm of the defendants and to the place where the highway crosses the farm of the defendants and where the house had been moved, accompanied by Grace Williams, Sheriff of Somervell County, to make an inspection and view the subject matter of this suit. In support of their motion appellants presented Sheriff Williams, who testified in part:

"Q. Grace, this morning, September 23, 1952, did you have occasion to go to the farm of Mrs. Mullins where the highway is being constructed? A. Yes.

"Q. And the farm you went to and the place you went to is where the highway crosses the farm and the property we are fussing over in this law suit? A. Yes, sir.

"Q. Did you go in your car? A. Yes, sir.

"Q. Who did you take with you, please sir? A. Took the jury. * *

"Q. That is the jury that is here in this case? A. Yes, sir.

"Q. And you say you took them in your car? A. Yes, sir.

"Q. To the land where we are fussing over it? A. Yes, sir.

"Q. Did they get out of your car? A. Yes, sir.

"Q. Did they go upon the ground? A. Yes, sir, they looked around where the old house was and the orchard and the garden and went up to the house and looked at it and came back.

·. "Q. And what was the occasion of you taking them up there Grace? A. Well, Judge Hooker asked me to take them.

"Q. Judge Albert L. Hooker, who is the judge trying the case asked you to take them? A. Yes, sir.

"Mr. Kilpatrick: Now then, I want to renew my motion.

"Mr. Jackson: Judge, do you want to make a statement?

"The Court: (Judge A. L. Hooker) Mr. Keenan asked me yesterday afternoon, or he told me he wanted to go up there this morning and to see that before he made any decision whatsoever. They all started out there and he called back to me and told me to tell the Sheriff to come and go with them, that they might get run off up there. I came back and told the sheriff they wanted him to go with them, so Mr. Williams went on out. I haven't talked to the jury and this is the first time I have seen Mr. Williams since he came back."

Mr. Kilpatrick, attorney for appellants, again renewed his motion to dismiss the jury and declare a mistrial and the judge overruled such motion and ordered the case to proceed, to which action of the court Mr. Kilpatrick excepted.

■ We think the foregoing was material misconduct on the part of the jury and the court trying this cause and that it will require a reversal of this case. See discussion of this rule in Texas Electric Railway v. Wooten, by this court, 173 S.W. 2d 463, point 7, p. 468, er. ref., and cases there collated. See also Republic Ins. Co. v. Hale, 128 Tex. 616, 99 S.W.2d 909 (Com. App.); Abramson v. City of San Angelo, Tex.Civ.App., 210 S.W.2d 476; Hoyler v. City of Longview, Tex.Civ.App., 129 S.W. 2d 416; Wheat v. Lancaster, Tex.Civ.App., 284 S.W. 629; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (S.Ct.).

Point 4-a assails the action of the court in refusing to grant their motion to open and close in the introduction of the evidence and in the argument of the cause.

We quote the pertinent parts of the motion on which appellants relied:

"Now comes Gaston C. Mullins and Gladys Mullins, husband and wife, defendants in the above entitled and numbered cause, and admit that the plaintiff is entitled to recover in this case, except in so far as it may be defeated in whole or in part by the allegations of the answer constituting a good defense which may be established in the trial of said cause.

"Defendants concede the right of condemnation heretofore asserted by the State of Texas, and concede that the sole remaining issue of fact in this cause is the amount of damages which should be awarded these defendants.

"Wherefore the defendants pray that this admission be entered of record and that the defendants be allowed to open and close in introducing the evidence, and in the argument of this cause."

Rule 266, Texas Rules of Civil Procedure, provides in part:

"Except as provided in Rule 269 the plaintiff shall have the right to open and conclude both in adducing his evidence and in the argument, unless the burden of proof on the whole case under the pleadings rests upon the defendant, or unless the defendant or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff is entitled to recover as set forth in the petition, except so far as he may be defeated, in whole or in part, by the allegations of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, whereupon the defendant, or the defendants, if more than one, shall have the right to open and concude in adducing the evidence and in the argument of the cause."

■ Much was written on this question under Rule 31 for District and County Courts prior to the adoption of the new

rules of Texas Rules of Civil Procedure. We think the pertinent provisions of Rule 31 aforesaid are substantially the same as our present rule 266, T.R.C.P. The case of Ready v. City of Marshall, Tex.Civ.App., 234 S.W.2d 104, opinion by Judge Speer, no writ history, it seems to us is applicable and controlling here. As we understand the opinion in the Ready case, we think the admission filed by appellants was sufficient to give them the right to adduce their evidence first and then to have the opening and closing of the argument. See also Thompson v. Janes, Tex.Civ.App., 245 S.W.2d 718, affirmed, Tex.Sup., 251 S.W.2d 953; Lower Colorado River Authority v. Burton, Tex. Civ.App., 170 S.W.2d 783. For cases construing old Rule 31 aforesaid, see Gainesville H. & W. R. Co. v. Waples Platter & Co., 3 Willson, Civ.Cas.Ct.App. §§ 409, 410; Houston Lighting & Power Co. v. Daily, Tex.Civ.App., 291 S.W. 317; Texas Power & Light Co. v. Moerbe, Tex.Civ.App., 199 S.W. 503. See also opinion by this court in Central National Bank v. Lawson, Tex. Civ.App., 7 S.W.2d 915, affirmed, Tex.Com. App., 27 S.W.2d 125.

Owing to the fact that this cause must be reversed and remanded, it would serve no useful purpose to discuss the other points raised.

The judgment of the trial court is reversed and the cause is remanded.