FORT WORTH & RIO GRANDE RAILWAY COMPANY v. NORA DOWNIE ET AL.

No. 3069.

**1. Damages by Railway Track, etc., Running in Front of City Lots.—** After instructing the jury that the ordinances of the city gave the railway company the right to construct and operate its railway over, across, and upon the streets named in the plaintiffs' petition, and that plaintiffs could not recover damages for such injury as they suffered in common with the public at large, the court gave the following charge: "If, however, the jury believe from the evidence that plaintiffs' property was rendered less valuable by reason of the construction and operation of defendant's road and switches over, across, and upon said streets, or near plaintiffs' property, or by maintenance near plaintiffs' property of defendant's coal bin or water tank, you should find for the plaintiffs, and assess them such an amount as you believe from the evidence will compensate them for such depreciation in value, if any, of said property, before and after the construction of defendant's road, caused by the same." The charge is approved.

**2. Case Adhered to.** — Railway v. Hall, 78 Texas, 169, adhered to, in holding that an owner of land adjoining a railway track, and injured by it and the running of trains thereon, is entitled to damages although there may not have been a taking of

any of plaintiffs' property nor a hindrance of his ingress or egress through the street in front of the lots.

3.  **Assignment of Errors.**—"The court erred in overruling defendant's objection to the admission of testimony, as noted in defendant's bills of exception numbers 1, 2, 3, 4, 5, and 6." This assignment, under the statute, rules, and repeated decisions, can not be considered.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM.

The petition, after describing the lots, etc., alleged the acts complained of substantially:

"That on August 1, defendant began to construct its line of railway over and across Railroad Avenue near plaintiffs' premises, and two other lines to be used as switch yards, entering Railroad Avenue west of and within sixty feet of plaintiffs' property on the south side of Railroad Avenue, thence running diagonally across the same in a northeasterly direction, and continuing said tracks in an easterly direction on land immediately adjoining Railroad Avenue and within about sixty feet and in front of plaintiffs' property; that defendant erected north of its tracks and in front of plaintiffs' house its water tank, coal bin, tool and oil house; that plaintiff had erected two dwelling houses on lot number 2 before defendant's road was constructed, and occupied one with her family and rented the other; that before the construction of said railway tracks and the erection of said water tank, coal bin, tool and oil house, plaintiffs' property was worth the reasonable sum of $9000, but since the construction of said railway tracks, water tank, coal bin, tool and oil house, plaintiffs' property had diminished in value in the sum of $5000; that ever since the construction of said tracks defendant had used near and in front of plaintiffs' premises a switch yard, and that defendant is almost continuously moving its cars along said switch line; that plaintiffs' premises are greatly jarred, loud noises are made, sparks, cinders, coal dust, and smoke are emitted from said engines and blown upon said premises and into and upon plaintiffs' house, thereby greatly annoying plaintiffs; that on account of sparks being so emitted plaintiffs' improvements are greatly endangered from fire, all of which depreciates the value of said property. That by the erection of said water tank, coal bin, tool and oil house, plaintiffs' view of the town is greatly obstructed, further depreciating plaintiffs' property; that all the damages complained of are special to these plaintiffs and not common to the community." Prayer for damages, etc.

The defense was a general demurrer, general denial, and special plea answering that the portion of its railway of the construction and operation of which plaintiffs complain was built and has ever since been and is now wholly upon ground belonging to this defendant; that defendant carefully, skillfully, and properly constructed its said railway, and has since the construction of the same always skillfully operated it; that it was granted right of way over the streets now oc-

cupied by its tracks by the city council of the city of Fort Worth, Texas (by special ordinance passed July 12, 1887, by the city council of said city); and specially denying that plaintiffs' property abuts on defendant's right of way.

There was judgment for $1000. The opinion sufficiently states other matters.

*Newton H. Lassiter*, for appellant.—1. Only such persons as have suffered a special and not a common injury to their property by the construction of a railway on adjoining streets or contiguous grounds can recover damages. Railway v. Fuller, 63 Texas, 467; Railway v. Bock, 63 Texas, 245; Rev. Stats., art. 4196; 3 Suth. on Dam., 442.

2. Where the real property of the citizen has suffered an actionable injury by the construction of a railway near it, the measure of damage is the difference in the market value of the property immediately before and immediately after the construction of the railway. 59 Texas, 279; 60 Texas, 215; 63 Texas, 467; Ct. App. C. C., sec. 445; 2 Ct. App. C. C., secs. 365, 489, 662; 2 Sedg. on Dam., secs. 94, 487.

3. A railway, like an individual, may put its own real property to any lawful use without being liable to contiguous owners for incidental damage, except on proof of negligence. If the use is lawful, and damage results without negligence, it is damnum absque injuria.

4. If a railway in its construction does not take the property of an individual, nor interfere with his easement in a public highway, nor disturb his ingress and egress, so that he sustains an injury peculiar to himself and not in common with the community, and operates its road with care and skill, incidental injury may result, but it will not be actionable. Rev. Stats., art. 4196; Railway v. Eddins, 60 Texas, 656; Railway v. Fuller, 63 Texas, 467; 3 Suth. on Dam., 442.

5. The noise, smoke, soot, and smell made and created by a railway while it is being carefully and skillfully operated are inevitable incidents of the business, and no action for damages can be maintained therefor. Carroll v. Railway, 41 N. W. Rep., 661; Bernard v. Railway, 8 S. E. Rep., 785; Railway v. Arnold, 4 South. Rep., 359; Frankle v. Jackson, 30 Fed. Rep., 398.

*Hogsett, Greene & Humphreys*, for appellees.—Defendant's railway took a part of the street in front of plaintiffs' residence and opposite the center of the entire property sued for. Const., art. 1, sec. 17; Railway v. Hall, 78 Texas, 169; Railway v. Jennings, 76 Texas, 373.

STAYTON, CHIEF JUSTICE.—Appellees owned two improved lots on which they resided, and appellant constructed its railway, switches, and coal bins in front of the lots, and has continued thereon to operate them. There is some conflict in the evidence as to whether the railway

occupied the street in front of the lots, and the weight of the testimony perhaps tends to show that but a small part of the street in front of the lots was so occupied, but it is an undisputed fact that appellant's tracks run just in front of the lots; and the evidence shows that they are rendered less valuable by the existence and operation of the railway so close to them. To recover damages for the injury thus resulting, this action was brought by appellees, who recovered a judgment for $1000.

The manner in which the property was affected was fully stated in the pleadings, and there was ample evidence to sustain the claim, both as to the existence and character of the injury, as well as to authorize a verdict for the sum awarded as damages. The character of the injury was the same in all material respects as that shown to exist in the case of Railway v. Hall, 78 Texas, 169, and it becomes unimportant, in so far as the cause of action is concerned, whether the railway, switches, and other structures were in the street or not.

After instructing the jury that the ordinances of the city of Fort Worth gave to the railway company the right to construct and operate its railway over, across, and upon the streets named in plaintiffs' petition, and that plaintiffs could not recover damages for such injury as plaintiffs suffered in common with the public at large, the court gave the following charge:

"If, however, the jury believe from the evidence that plaintiffs' property is rendered less valuable by reason of the construction and operation of defendant's road and switches over, across, or upon said streets or near plaintiffs' said property, or by the maintenance near plaintiffs' property of defendant's coal bin or water tank, you should find for the plaintiffs and assess them such an amount as you may believe from the evidence will compensate them for such depreciation in value, if any, of said property before and after the construction of defendant's road, caused by the same."

This charge it is urged was erroneous, "because it instructs the jury to find for the plaintiffs if their property was rendered less valuable by the construction of defendant's road, coal bin, water tank, etc., without instructing the jury that such injury, if any, must be special to these plaintiffs and not suffered in common with the community, and because it does not limit the damage to the difference in the market value of the property immediately before and after the construction of said railway, which charge is calculated to and doubtless did mislead the jury in their findings."

As before said, the court had instructed the jury that plaintiffs could not recover for an injury that resulted to the public or people generally on account of the construction and operation of defendant's road, switches, and other structures; and the jury could not have understood otherwise than that plaintiffs could recover only for special injury to

their property. The court might with propriety have instructed the jury that in determining the amount of damages plaintiffs were entitled to they might consider the value of the property before and immediately after the railway and other structures were erected, and that the sum of depreciation so resulting might be given, but it seems to us that any intelligent jury would so have construed the charge given; but if not, the charge not being erroneous, defendant should have asked a charge such as it is contended should have been given. From the verdict, looking to the evidence, there is no reason to believe that the jury were misled by the charge.

It is claimed that "if a railway in its construction does not take the property of an individual, nor interfere with his easement in a public highway, nor disturb his ingress and egress, so that he sustains an injury peculiar to himself and not in common with the community, and operates its road with care and skill, incidental injury may result, but it will not be actionable."

This question was considered in the case before cited, and for the reasons therein given, plaintiffs were entitled to recover damages if the averments of the petition were true, although there may not have been a taking of any of plaintiffs' property, nor a hindrance of their ingress or egress through the street in front of the lots. The charge of the court limited plaintiffs' right to recover to a recovery for such injury as resulted from the acts of the defendant, and there is nothing in the record tending to show that damages were awarded for injury caused in any other manner.

The fourth assignment of error is as follows: "The court erred in overruling defendant's objection to the admission of testimony, as noted in defendant's bills of exception numbers 1, 2, 3, 4, 5, and 6."

This assignment, under the statute, rules, and repeated decisions, can not be considered, for it points out no specific matter relied on as error, and we have not been even favored by counsel for appellant in his brief with a statement of any question or matter of fact to which the assignment was intended to relate.

The evidence of many witnesses authorized a verdict as large as that rendered; their credibility was a matter for the determination of the jury, and it can not be held that the verdict is excessive.

Finding no error in the proceedings that led to the judgment, it will be affirmed.

*Affirmed.*

Delivered November 27, 1891.