### CITY OF FORT WORTH v. HENRY JOHNSON.
#### No. 3219.

1. **Verdict Not Excessive.**—See facts sustaining a verdict for $5000 damages for bodily injuries suffered by plaintiff in falling into a ditch negligently left open in a public street in the city. The injury was a double fracture of the thigh.

2. **Assignment of Error Insufficient.** — "The court erred in not submitting special charges 1, 2, 3, 4, and 5, requested by the defendant." Such an assignment is too general, and is not considered by the court.

3. **Contributory Negligence—Charge.** —"Persons traveling upon the streets must use due care to avoid accidents; and if you believe from the evidence that the plaintiff failed to use that care under all the circumstances in evidence which a person of ordinary prudence would have used under such circumstances, and that such want of care on his part contributed to cause his alleged injury, you should find for the defendant, though you should also believe that the defendant was negligent." This charge approved as correctly stating the law of contributory negligence in the case.

4. **Same—Fact Case.**—See facts which do not show that plaintiff was wanting in due care for his safety in crossing a public street in the nighttime, when he fell into a ditch in the street, of which he had no knowledge.

5. **Notice of Condition of Street by City.** — The question of notice, if there is sufficient evidence to justify its submission, is a question of fact for the jury. When the dangerous condition of a street is not due to municipal agency, the city will not be liable unless having notice it fail to remove the danger.

6. **Fact Case.**—Without knowledge of the city authorities one Huffman dug a ditch across a public street about two feet in depth with precipitous sides. It had been in existence about three weeks. It had attracted the attention of a policeman, who notified the city attorney about it. It was on a public street. These circumstances would justify a jury in finding that the city had notice of the ditch.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM. No statement is necessary.

*Carlock & Powell,* for appellant.—1.   The verdict of the jury was excessive, and under the facts in the case the court erred in not granting appellant a new trial on this ground.

2.   The court should have granted appellant a new trial, because the evidence showed that plaintiff's own want of proper care was the proximate cause of the accident and injuries suffered by plaintiff.   Any ordinary degree of negligence of the plaintiff which contributed to the injury bars a recovery.   Dill. Mun. Corp., 1013, 1015, 1016, and notes.

3.   The defect was not of such a nature as would put the city upon notice.   Pedestrians traveling in the usual way could and did pass over the street with safety.   City of Austin v. Ritz, 72 Texas, 391.

*Ross & Terrell* and *F. W. Ball,* for appellee.

TARLTON, JUDGE, *Section B.*—This is an action for damages for personal injuries sustained by plaintiff (appellee) by stepping into an open ditch in a public street in the city of Fort Worth, and breaking his leg.

The case was originally brought against W. A. Huffman and the city of Fort Worth as codefendants, but during its pendency in the District Court W. A. Huffman died, and by supplemental petition Sallie Huffman, as representative and executrix of said W. A. Huffman, was made codefendant with appellant.   Defendant Sallie Huffman's exception to plaintiff's petition was sustained by the court, and the cause abated as to her.

Appellant demurred generally and pleaded general issue, and specially contributory negligence; and that the injuries complained of were caused by the negligence of defendant W. A. Huffman, who caused the ditch to be excavated and left open and unguarded in the street, for his private purpose, without authority from appellant; and appellant prayed for judgment over against the defendant W. A. Huffman, in the event any judgment should be rendered against it, and for costs, etc.

May 7, 1891, the jury trying the case returned a verdict in the sum of $5000 in favor of appellee against appellant.   From the judgment entered in accordance with the verdict this appeal is prosecuted.

Appellant first complains, that the verdict of the jury is excessive, and that the court erred in not granting appellant a new trial on this ground.   The evidence with reference to the injury inflicted upon appellee shows that there was a double fracture of the thigh, the upper bone of the leg being broken in two places.   A witness testified, that when appellee was picked up at the time of the accident, "every time he would move we would hear the bones grinding together."   The injury caused a great deal of suffering.   The leg was shortened at least an inch.   The appellee lay in bed for thirteen weeks, during eight or

nine of which his leg was hung up. He was on crutches for six months after the injury; for nearly one year he could do no hard labor; and at the time of the trial, four years after the injury, he could not walk on the leg for more than a mile without its giving out; the leg had perished away to the bone. The surgeon's fee for services was $150. During his illness appellee was compelled to sell his house and everything he had to keep himself and family from starving. He had to employ a nurse at an expense of $100, and paid $18 for drugs and medicines. We are unable to say, under these facts, that the amount of the verdict is so disproportionate to the character of the injury and its direct effects as to indicate the existence of passion, prejudice, or improper motive on the part of the jury. The verdict, for the reason urged, will not be disturbed by us. Railway v. Jones, 75 Texas, 151; Bonner and Eddy v. Glenn, 79 Texas, 531; Oil Co. v. Davis, 76 Texas, 630; Bonner and Eddy v. Bean, 80 Texas, 152.

The next assignment of error relied upon by appellant is as follows: "The court erred in not submitting special charges numbers 1, 2, 3, 4, and 5, requested by defendant."

Under the authority of Harris v. Daugherty, 74 Texas, 1, we decline to consider this assignment. It is too general.

It is urged by appellant, that the court should have granted it a new trial, "because the evidence showed that plaintiff's own want of care was the proximate cause of the accident and injuries suffered by plaintiff."

The question of contributory negligence is to be determined by the jury under proper instructions. On this subject the court charged the jury, that "persons traveling upon the streets must use due care to avoid accidents; and if you believe from the evidence that the plaintiff failed to use that care, under all the circumstances in evidence, which a person of ordinary prudence would have used under such circumstances, and that such want of care on his part contributed to cause the alleged injury, you should find for the defendant, though you should also believe that the defendant was negligent."

We approve this instruction as full and explicit, and as submitting the true test of contributory negligence. As to the evidence, it suffices to say that it does not, in our opinion, show that the plaintiff failed to use that amount of precaution which a person of ordinary prudence would have exercised under similar circumstances. The appellee was seeking to go at night diagonally across a street in the city of Fort Worth. A ditch with steep sides, some two feet deep, had been dug where a mere gutter should have been. Appellee did not know of the existence of the ditch. He had no reason to apprehend one. He was simply traversing a public thoroughfare. Prudence would not have suggested that he would probably encounter and should therefore avoid

a ditch or other excavation.    He had a right to assume that the highway was reasonably safe.

Finally, appellant complains that the court erred in refusing a new trial, "because there was not sufficient notice to make appellant liable for defects in the street complained of."

It appears from the testimony, that the city did not order the digging of the ditch in question; that it was dug at the instance of the agent of one Huffman.    It had been in existence, however, as the evidence indicates, about three weeks.    It had attracted the attention of a policeman, who notified the city attorney about it.    It was on a public street.    Under these circumstances the court charged the jury as follows:  "If you believe from the evidence that the ditch mentioned did render said street unsafe for travel, and if that condition existed for such length of time as that the officers of the city, by reasonable diligence and care on inspection of the streets, would have discovered the same, notice may be inferred, and it is for you to determine from all the facts and circumstances in evidence whether or not the defendant did have notice of the condition of said street, if you should believe the same was unsafe."

Where the dangerous condition of a street is not due to municipal agency the city will not be liable, unless, having notice, it fail to remove the danger.    This notice, however, may be express or implied. Liability will attach when the city has knowledge of facts from which notice may be inferred, or where there is proof of circumstances from which it appears that the defect ought to have been known and remedied by it.  2 Dill. Mun. Corp., sec. 1024.    This question of notice, like that of contributory negligence, is, if there be sufficient evidence to justify its submission, ordinarily one of fact for the jury.  2 Dill. Mun. Corp., sec. 1026.    The charge of the court above quoted correctly submitted this issue on the evidence adduced.    The jury has passed upon it, and we do not feel authorized to disturb its finding.

The judgment should be affirmed.

*Affirmed.*

Adopted March 22, 1892.