## TALLY v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 10096.

Court of Civil Appeals of Texas. Galveston.

June 28, 1935.

Rehearing Granted Feb. 20, 1936.

On Rehearing April 16, 1936.

On Motion May 7, 1936.

Bailey P. Loftin and C. M. Alderson, both of Houston, for appellant.

Sewell, Taylor, Morris & Garwood, of Houston, for appellee.

PLEASANTS, Chief Justice.

This is the second appeal in this suit, which is a suit by appellant against the appellee for compensation under the Workmen's Compensation Law of this state (Vernon's Ann.Civ.St. art. 8306 et seq.). The claim for compensation was duly presented to the Industrial Accident Board, and upon its consideration the board made and entered the following award (omitting formal portions):

"That it has been definitely proven that the injury of which complaint is made herein resulted in hernia, which appeared suddenly and immediately following its infliction, and that it did not exist in any degree prior to infliction of same and was accompanied by pain for which compensation and the benefits to accrue under the provisions of the Employers' Liability Law exist in favor of J. J. Tally and against the Texas Employers' Insurance Association and it is so ordered, adjudged and decreed by the said Board.

"That said J. J. Tally has been examined by Dr. J. M. Mitchner, a physician and surgeon of Houston, Texas, at the instance of the Board and his report filed herein indicates the advisability for performance of an operation, and that said J. J. Tally is a fit subject to undergo such operation; that in view of the findings of the examining physician made in writing to the effect that there is nothing in the physical condition of claimant which will render his submission thereto more than ordinarily unsafe, the Board is of the unanimous opinion and so finds that said J. J. Tally submit to operation at the hands of a doctor to be agreed upon by and between said J. J. Tally, and the Texas Employers' Insurance Association, same to take place on a date that is not earlier than January 7th, 1929, and that is not later than February 7th, 1929, unless by agreement between the interested parties, at a hospital to be designated by the operating surgeon on a date to be mutually arranged and agreed upon by and between said operating surgeon and the said J. J. Tally between the dates set out above, unless by agreement between the interested parties same is undergone on an earlier date, and the expense incident to and associated with said operation in the reasonable amount thereof to be borne and paid by the Texas Employers' Insurance Association; that said J. J. Tally is entitled to recover from and have paid to him by the said Texas Employers' Insurance Association an additional compensation for and on account of said injury in accordance with the facts that develop in the event he undergoes operation, that is to say if said operation is submitted to and the same results successfully and effects a cure, said J. J. Tally will be entitled to recover from and have paid to him by the Texas Employers' Insurance Association compensation at the fixed rate of $13.85 per week for the definite and fixed period of 26 weeks, same beginning to accrue on the date of said operation and being pay-

able weekly thereafter as each of said installment payments accrue and mature until the full period of 26 weeks have expired; and it is so ordered, adjudged and decreed by the said Board.

"That in the event no appeal is taken by either party within the time permitted by law and the said J. J. Tally submits to operation, and the same fails to effect a cure, then that he be compensated under the general provisions of the law for whatever incapacity that may be found to exist; that in the event the interested parties—in the event of the applicability of this section of the award—fail to agree upon the rate of compensation to apply herein, the same will be subject to the further action of the Board in reference to that particular feature of the matter, and it is so ordered, adjudged and decreed by the said Board.

"That in the event no appeal is taken by either party within the time permitted by law, and in the further event said claimant refuses to submit himself to operation herein ordered and directed performed, that the said J. J. Tally recover compensation of and from the Texas Employers' Insurance Association for the period of one year or fifty-two weeks beginning on September 22nd, 1928, the date of infliction of injury, at 60% of the difference between $23.08, his average weekly wage earning capacity before he suffered injury herein complained of and his average weekly wage earning capacity during said period of one year for which award is herein made, and it is so ordered, adjudged and decreed by the said Board.

"That in the event no appeal is taken and in the event an operation is undergone and the parties who furnish said operation and the Texas Employers' Insurance Association are unable to agree upon the reasonable value of the items of service which enter into furnishing said operation, then in such event said feature will be subject to further consideration and action by the Board, and it is so ordered, adjudged and decreed by the said Board."

The appellee gave notice of appeal from this award, and in due time filed suit in the county court of Harris county to set it aside.

Appellant answered this suit by plea to the jurisdiction and by cross-action in which he sought to recover lump-sum compensation for total and permanent incapacity, on the ground that appellee had refused to furnish him the surgical operation ordered by the board.

Appellee excepted to this cross-action on the ground that it sought recovery for an amount in excess of the jurisdiction of the court. This exception was sustained by the court. Only one issue was submitted to the jury on the trial of the cause, in response to which the jury found that a reasonable charge for hospital and medical expenses for an operation upon appellant for hernia was $272.

The court rendered judgment setting aside the award of the Accident Board, but declined to give judgment for appellant for the $272 on his cross-action, on the ground that the total amount claimed in his petition was in excess of the jurisdiction of the court.

Appellant appealed from this judgment, and when this appeal reached the Supreme Court on writ of error from this court, the Commission of Appeals in a clear and able opinion by Judge Leddy, which was approved by the Supreme Court, held that the trial court had no jurisdiction of the case because the judgment of the Accident Board was not a final judgment and therefore no appeal could be taken therefrom. 48 S.W.(2d) 988. On this ground the Supreme Court reversed the judgment of the trial court and of this court and dismissed the case.

Upon the issuance of the mandate of the Supreme Court and the dismissal of the cause in the county court, the appellant renewed his claim for compensation before the Accident Board for an amount within the jurisdiction of the district court. After a hearing on this claim, the board rendered an award in favor of appellant. From this award the appellee gave proper notice and in due time perfected his appeal to the court below by filing a petition asking that the award be set aside and the cause tried de novo.

The appellant answered this petition by a general demurrer, special exceptions, and general denial, and by cross-action in which he sought judgment against appellee for a sum in excess of the amount awarded him by the Accident Board as compensation for the injury received in the performance of the duties of his employment.

The cause was submitted to a jury in the court below upon special issues. In response to these issues the jury found,

in substance, that appellant was injured as alleged in his petition, and that these injuries resulted in hernia which appeared immediately after appellant's injury; that appellant had not suffered from hernia prior to this time; that the injury to appellant caused him pain; that the average weekly wage of appellant at the time of his injury on September 22, 1928, and for a year prior thereto, was $25 per week; that appellant was totally incapacitated for work as a result of his injury, but that such total incapacity is not permanent; and that it would not work a manifest hardship and injustice to appellant if the compensation allowed him is not paid in a lump sum. After reciting the findings of the jury the judgment is as follows:

"Upon the verdict of the jury, the pleadings of the parties and the undisputed evidence, the court finds as follows:

"The defendant, J. J. Tally, having testified that he is now willing to undergo an operation at the hands of Dr. E. M. Armstrong of Houston, Texas, for the correction of the hernia sustained by him, and said Doctor having made a physical examination to determine the advisability of said operation, and having reported to the court that said operation is advisable, and the plaintiff, Texas Employers' Insurance Association, having by its pleadings and in open court tendered the cost of said operation at the hands of said Doctor to the said J. J. Tally, in the event that it was determined that said Texas Employers' Insurance Association was liable for any sum, and the jury having found that said Texas Employers' Insurance Association was liable to Tally for the hernia sustained by him, the court is of the opinion that said operation should be performed by Dr. E. M. Armstrong within a reasonable time.

"It is, therefore, ordered, adjudged and decreed by the court that the defendant, J. J. Tally, shall within thirty (30) days from the entry of this judgment submit himself to Dr. E. M. Armstrong for the purpose of undergoing an operation for the hernia sustained by him, and that when said operation is performed the reasonable cost thereof, together with reasonable cost of the medical expenses and hospital bills incurred in connection with said operation, shall be paid by the plaintiff, Texas Employers' Insurance Association.

"It is further ordered, adjudged and decreed by the court that pending the aforesaid operation, the matter of awarding compensation therefor shall be held open for the further determination of the court.

"It is further ordered, adjudged and decreed by the court that all costs incurred in this suit are hereby taxed against the plaintiff, Texas Employers' Insurance Association,—for all of which execution may issue. To which action of the Court the defendants in open court excepted."

Appellant did not submit to the operation ordered by the trial court, and filed a motion for a new trial, attacking the verdict of the jury and judgment of the court on various grounds. He states in this motion that he is now unwilling to undergo the operation ordered by the judgment and prays that he be awarded compensation for a total and permanent incapacity.

The trial court overruled this motion, and appellant in due time perfected his appeal to this court in respect to all of the statutory proceedings necessary to bring the case to this court.

After the record was filed here, and prior to the date set for submission of the cause, appellee filed a motion to dismiss the appeal on the ground that the judgment from which the appeal was perfected was not a final judgment, and therefore the court has no jurisdiction to hear and determine the question sought to be presented by the appeal.

On a former day of this term we granted this motion and ordered the case dismissed, but thereafter, upon motion for rehearing filed by appellant, we set aside that order and ordered that the motion to dismiss be taken with the case. After fully considering all of the questions presented by the appeal, we feel satisfied that our former order dismissing the appeal on the ground that the judgment from which the appeal was taken is not a final judgment, and this court acquired no jurisdiction of the cause by the appeal, was correct. Upon the question of its finality the judgment is similar in its essentials to the award of the Accident Board from which the former appeal in this case was sought to be taken.

We think the decision of the Commission of Appeals on that appeal, from which we have before quoted at length, is con-

clusive of the question presented by the motion to dismiss the appeal in this case. Tally v. Texas Employers' Insurance Association, 48 S.W.(2d) 988, 989.

It follows from this conclusion that our former order dismissing the appeal was correct and should be reinstated, and it has been so ordered.

Dismissed.

Appellant has filed a very vigorous motion for rehearing, attacking the opinion of this court dismissing his appeal, on the ground that the judgment appealed from is not a final judgment.

We cannot agree with appellant's contention that the judgment from which the appeal is prosecuted is a final judgment. It shows upon its face that it is not final.

No complaint is made in the motion as to the statement of the history of this litigation contained in our main opinion, nor is there any denial of the accuracy of the following statements in the judgment of the trial court from which this appeal is prosecuted:

"The defendant, J. J. Tally, having testified that he is now willing to undergo an operation at the hands of Dr. E. M. Armstrong of Houston, Texas, for the correction of the hernia sustained by him, and said Doctor having made a physical examination to determine the advisability of said operation, and having reported to the court that said operation is advisable, and the plaintiff, Texas Employers' Insurance Association, having by its pleadings and in open court tendered the cost of said operation at the hands of said Doctor to the said J. J. Tally, in the event that it was determined that said Texas Employers' Insurance Association was liable for any sum, and the jury having found that said Texas Employers' Insurance Association was liable to Tally for the hernia sustained by him, the court is of the opinion that said operation should be performed by Dr. E. M. Armstrong within a reasonable time.

"It is, therefore, ordered, adjudged, and decreed, by the court that the defendant, J. J. Tally, shall within thirty (30) days from the entry of this judgment submit himself to Dr. E. M. Armstrong for the purpose of undergoing an operation for the hernia sustained by him, and that when said operation is performed the reasonable cost thereof, together with reasonable cost of the medical expenses and hospital bills in-

curred in connection with said operation, shall be paid by the plaintiff, Texas Employers' Insurance Association.

"It is further ordered, adjudged and decreed by the court that pending the aforesaid operation, the matter of awarding compensation therefor shall be held open for the further determination of the court.

"It is further ordered, adjudged and decreed by the court that all costs incurred in this suit are hereby taxed against the plaintiff, Texas Employers' Insurance Association,—for all of which execution may issue. To which action of the Court the defendants in open court excepted."

This agreement by appellant Tally was made in open court. No objection was made by appellant's attorney to appellant's statement under oath that he was willing to have appellee's liability determined upon the terms stated in the judgment rendered by the trial court.

In this state of the record, we cannot agree with appellant's insistence that the authority of the trial court to order the hernia operation, which "passed out of the picture" by the refusal of the appellee to comply with the order of the Accident Board that such operation be performed, cannot be returned to the "picture" by the voluntary agreement of the parties made and entered into in open court. There is nothing wrong or illegal in such agreement, and there is no sound reason for questioning the authority of the trial court to enforce it.

In this view of the law, our former judgment sustaining appellee's motion to dismiss the appeal might be properly upheld. But upon further consideration and consultation, the majority of the court have reached the conclusion that the ends of justice will be best subserved by remanding the cause so that the appellant, if he so desires, may yet have the benefit of the hernia operation, and it has been so ordered.

Justice GRAVES concurs in the judgment of remand, "but thinks the cause should be sent back for a retrial under the general provisions of the Compensation Act, R.S. art. 8306, §§ 10, 11, and section 9 (as amended by Acts 1931, c. 178, § 1 (Vernon's Ann.Civ.St. art. 8306, § 9), inclusive, rather than upon a restriction to the right to have a hernia operation."

Reversed and remanded.