### TEXAS EMPLOYERS' INS. ASS'N v. TALLY et al.

No. 10848.

Court of Civil Appeals of Texas. Galveston.

Dec. 15, 1938.

Rehearing Denied Jan. 5, 1939.

1096

Sewell, Taylor, Morris & Garwood, of Houston, for appellant.

Bailey P. Loftin and C. M. Alderson, both of Houston, for appellees.

GRAVES, Justice.

At long last this cause has reached this Court on an appeal from a final judgment below, rendered after a trial on the merits of this compensation controversy that has raged for ten years between these parties.

The learned trial judge, proceeding as in conformity to the last opinion of our Supreme Court in this litigation—Tally v. Texas Employers' Insurance Association, 129 Tex. 134, 102 S.W.2d 180—submitted detailed issues to a jury, designed to elicit findings of all facts requisite for a recovery of compensation by Tally—or the absence of them—under the general provisions of the Liability Act, that is, R.S. Article 8306, sections 10, 11, and section 9, as amended by Acts 1931, c. 178, section 1, Vernon's Ann.Civ.Statutes, Art. 8306, section 9, inclusive, as well as section 12b, subdivision 4.

█ The jury, on what this Court deems to have been sufficient supporting evidence, found in Tally's favor all such requisite facts, inclusive of his accidental injury in 1928 while in the course of his employment with North Texas Transfer and Warehouse Company, which resulted in a hernia that appeared suddenly immediate̅ly following the injury, and prior to which time it did not exist in any degree; that such hernia was accompanied by pain; that it proximately resulted in his total and permanent incapacity to work; and that

his average weekly wage for one year prior to the date of such injury was $22.50 per week.

On the coming in of such verdict, the Court computed the given wage-rate for 401 weeks, with interest on delinquent installments, and allowed a total recovery in the sum of $7,334.95, from which determination the employer's insurer has prosecuted this appeal.

It would serve no useful purpose to reiterate prior proceedings in this cause celebre; suffice it to say, that the final trial here under review was had pursuant to the Supreme Court's unmistakable direction in its cited opinion, supra, at page 183 of 102 S.W.2d as follows: "In view of the fact that under this decision this case is still pending and undisposed of in the district court, we deem it proper to express our views regarding the power of the courts in hernia cases. It will be noted from what we have said that the Accident Board is given certain powers and enjoined to perform certain duties in hernia cases where it finds that liability exists. In this regard the board has the right and power to enter interlocutory as well as final orders and awards. No such power is given the courts in such cases. In this regard, when a hernia case reaches a court, the rights of the parties have already become fixed by the events previously transpiring, and the court only has the power and jurisdiction to finally try the case and enter one final judgment. The court in this case has no power to require a hernia operation."

█ That was no abstract deliverance, but, on the contrary, was a concrete one directly applying to and obviously intended to govern the trial court in thereafter averting the prior abortive efforts to arrive at such a determination below as would get the merits of this cause itself properly into the appellate courts.

As indicated, it is the conclusion of this Court that that result has not only now been attained, but brought about without any reversible error having crept in; the quoted deliverance of the Supreme Court is accordingly here regarded as having constituted the law of this particular case; indeed, its explicit declaration that "The court in this case has no power to require a hernia operation", was the minority view taken in this Court on the last appeal here, as appears from the concluding portion of

this Court's opinion as reported in 93 S. W.2d 1209, at page 1212.

At any rate, it is determined that the procedure taken below in this instance was the correct one—that is, to consider all questions relating to a hernia operation to have been no longer applicable, and to try it, instead, under the general provisions of the Compensation Law, as was done; since that was further an errorless trial upon that theory, there remains nothing for this tribunal to do but to affirm the action so taken below.

Neither is it deemed essential that detailed discussion be given to appellant's ably-urged contentions to the contrary—it appearing that, at last, they get down to the construction and theory to the effect that the hernia operation question was still a material one. Pursuant to these conclusions the affirmance will be entered.

Affirmed.

MONTEITH, J., participating as Special Commissioner.