## SOUTHERN UNDERWRITERS v. SAMANIE.

### No. 3512.

Court of Civil Appeals of Texas. Beaumont.

July 13, 1939.

Rehearing Denied July 19, 1939.

Benbow, Saunders & Holliday, of Houston, for plaintiff in error.

Collins, Pate, Hatchell & Garrison, of Lufkin, for defendant in error.

O'QUINN, Justice.

We shall refer to the parties as appellant and appellee.

This is a workmen's compensation case. Samanie filed this suit in the district court of San Jacinto County against appellant to set aside an award of the Industrial Accident Board of the State of Texas, and to recover compensation. Appellant answered by general demurrer, several special exceptions, and general denial.

The case was tried to a jury upon special issues (twenty five of them), and based upon their answers judgment was rendered in favor of appellee for compensation at the rate of $20 per week for 401 weeks. Motion for a new trial (setting up 224 assignments of error) was overruled and the case is before us on writ of error.

Appellant's brief contains 31 assignments of error upon which are presented 15 propositions. We are considering the assignments rather than the propositions.

The first 27 assignments read:

"1. The court erred in overruling Defendant's Motion for an Instructed Verdict, to the prejudice of the Defendant.

"2. The court erred in refusing to give in charge to the jury Defendant's Requested Instruction No. 1.

"3. The court erred in overruling defendant's objections and exceptions to Special Issue No. 3 in the court's main charge, set forth in paragraph 5 of defendant's objections and exceptions to the court's charge in that portion of such paragraph '5' which immediately precedes sub-division (a) of said paragraph 5, taken together with sub-division (c) of said paragraph 5, as shown by the record herein.

"4. The court erred in overruling defendant's objections and exceptions to Special Issue No. 3 in the court's main charge, set forth in paragraph 5 of defendant's objections and exceptions to the court's charge in that portion of such paragraph '5' which immediately precedes sub-division (a) of said paragraph 5, taken together with sub-division (d) of said paragraph 5, as shown by the record herein.

"5. The court erred in overruling defendant's objections and exceptions to Special Issue No. 3–A contained in the court's main charge, set forth in paragraph 6 of defendant's objections and exceptions to the court's charge in that portion of

such paragraph '6' which immediately precedes sub-division (a) of said paragraph 6, taken together with sub-division (c) of said paragraph 6, as shown by the record herein.

"6. The court erred in overruling defendant's objections and exceptions to Special Issue No. 3–A contained in the court's main charge, set forth in paragraph 6 of defendant's objections and exceptions to the court's charge in that portion of such paragraph '6' which immediately precedes sub-division (a) of said paragraph 6, taken together with sub-division (d) of said paragraph 6, as shown by the record herein.

"7. The court erred in overruling defendant's objections and exceptions to Special Issue No. 4 contained and as given in the court's main charge, set forth in paragraph 7 of defendant's objections and exceptions to the court's charge in that portion of such paragraph '7' which immediately precedes sub-division (a) of said paragraph 7, taken together with sub-division (c) of said paragraph 7, as shown by the record herein.

"8. The court erred in overruling defendant's objections and exceptions to Special Issue No. 4 contained and as given in the court's main charge, set forth in paragraph 7 of defendant's objections and exceptions to the court's charge in that portion of such paragraph '7' which immediately precedes sub-division (a) of said paragraph 7, taken together with sub-division (d) of said paragraph 7, as shown by the record herein.

"9. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 8 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes' then they should answer Special Issue No. 8 set forth in paragraph 18 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 18 which immediately precedes sub-division (a) of paragraph 18, taken together with sub-division (a) of said paragraph 18, as shown by the record herein.

"10. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 8 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 8, set forth in paragraph 8 of defendant's objections and exceptions to the

court's charge in that portion of such paragraph 18 which immediately precedes sub-division (a) of paragraph 18, taken together with sub-division (b) of said paragraph 18, as shown by the record herein.

"11. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 8 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 8, set forth in paragraph 18 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 18 which immediately precedes sub-division (a) of paragraph 18, taken together with sub-division (c) of said paragraph 18, as shown by the record herein.

"12. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 8 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 10, set forth in paragraph 24 of defendant's objections and exceptions to the Court's charge in that portion of such paragraph 24 which immediately precedes sub-division (a) of said paragraph 24, taken together with sub-division (a) of said paragraph 24, as shown by the record herein.

"13. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 8 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 10, set forth in paragraph 24 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 24 which immediately precedes sub-division (a) of said paragraph 24, taken together with sub-division (b) of said paragraph 24, as shown by the record herein.

"14. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 8 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 10, set forth in paragraph 24 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 24 which immediately precedes sub-division (a) of paragraph 24, taken together with sub-

division (c) of said paragraph 24, as shown by the record herein.

"15. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 9, wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 9, set forth in paragraph 21 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 21 which immediately precedes sub-division (a) of paragraph 21, taken together with sub-division (a) of said paragraph 21, as shown by the record herein.

"16. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 9, wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 9, set forth in paragraph 21 of defendant's objection to the court's charge in that portion of such paragraph 21, which immediately precedes sub-division (a) of paragraph 21, taken together with sub-division (B) of said paragraph 21, as shown by the record herein.

"17. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 9, wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 9, set forth in paragraph 21 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 21 which immediately precedes sub-division (a) of paragraph 21, taken together with sub-division (c) of said paragraph 21, as shown by the record herein.

"18. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 11 wherein the jury is instructed that if they have answered Special Issue No. 10 'Yes', then they need not answer said Special Issue No. 11, set forth in paragraph 26–A of defendant's objections and exceptions to the court's charge in that portion of such paragraph 26–A which immediately precedes sub-division (a) of such paragraph 26–A, taken together with sub-division (a) of said paragraph 26–A, as shown by the record herein.

"19. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 11 wherein the jury is instructed that if they have answered Special Issue No. 10 'Yes', then they need not answer said Special Issue No. 11, set forth in paragraph 26–A of defendant's objections and exceptions to the court's charge in that portion of such paragraph 26–A which immediately precedes sub-division (a) of such paragraph 26–A, taken together with sub-division (b) of said paragraph 26–A, as shown by the record herein.

"20. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 11 wherein the jury is instructed that if they have answered Special Issue No. 10 'Yes', then they need not answer said Special Issue No. 11, set forth in paragraph 26–A of defendant's objections and exceptions to the Court's charge in that portion of such paragraph 26–A which immediately precedes sub-division (a) of such paragraph 26–A, taken together with sub-division (c) of said paragraph 26–A, as shown by the record herein.

"21. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 21 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 12, set forth in paragraph 29 of the defendant's objections and exceptions to the court's charge in that portion of such paragraph 29 which immediately precedes sub-division (a) of such paragraph 29, as shown by the record herein.

"22. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 12 wherein the jury is instructed that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 12, set forth in paragraph 29 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 29 which immediately precedes sub-division (a) of such paragraph 29, taken together with sub-division (b) of such paragraph 29, as shown by the record herein.

"23. The court erred in overruling defendant's objections and exceptions to the instruction immediately preceding Special Issue No. 12 wherein the jury is instructed

that if they have answered Special Issue No. 7 'Yes', then they should answer Special Issue No. 12, set forth in paragraph 29 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 29 which immediately precedes sub-division (a) of such paragraph 29, taken together with sub-division (c) of such paragraph 29, as shown by the record herein.

"24. The judgment of the court is excessive under the law and the evidence.

"25. The verdict of the jury is contrary to and not supported by the evidence.

"26. That the judgment of the court is contrary to and not supported by the evidence.

"27. The court erred in overruling defendant's objections and exceptions to Special Issue No. 20 contained in the court's charge, set forth in paragraph 47 of defendant's objections and exceptions to the court's charge in that portion of such paragraph 47 which immediately precedes sub-division (a) of such paragraph 47, taken together with sub-division (b) of said paragraph 47, as shown by the record herein."

■ After careful consideration, we conclude that none of the above assignments should be considered. They do not comply with the rules for assignments of error. Assignments 1, 2, 24, 25 and 26, are too general—none of them point to specific error. Being insufficient as assignments of error, they will not support propositions based thereon. Nor can a combination of them, in whole or in part, afford a sufficient basis of asserted error.

■ Assignments 3 to 27, inclusive, supra (excluding Nos. 24, 25, and 26), are composed of references to portions of the court's main charge, portions of appellant's exceptions to the charge in portions of certain paragraphs of the exceptions to the charge which precedes certain sub-divisions of said paragraphs, taken together with certain sub-divisions of certain paragraphs of said exceptions to the charge, as shown by the record. We are unable to find any "specific error" pointed out in these assignments. It would require considerable search of the record and piecing together of the several parts sought to be combined, the whole to be considered as the assignment. We do not think the statutes or the rules relating to the sufficiency of assignments contemplate any such procedure in determining whether error is pointed to for consideration by the court. Rule 24, Court of Civil Appeals; 3 Tex. Jur. Secs. 593–596, pp. 846–852; Fort Worth & R. G. Railway Co. v. Downie, 82 Tex. 383, 17 S.W. 620; City of Fort Worth v. Johnson, 84 Tex. 137, 19 S.W. 361.

■ Assignments 28, 29, 30, and 31 complain that the court erred in excluding copy of a judgment rendered in cause No. 25, 238–A in the district court of Dallas County, Texas, in which appellee recovered compensation for an injury received by him in the early part of 1936, the claim being for an injury similar to the one involved in the instant case. The assignments are overruled. While appellee was testifying on cross examination he testified fully as to the matter and admitted all of the facts recited in the judgment sought to be admitted. There being no dispute as to the facts, its rejection was not error. Slocum v. Putnam, Tex.Civ.App., 25 S.W. 52.

Assignments 24, 25, and 26, read:

"24. The judgment of the court is excessive under the law and the evidence."

"25. The verdict of the jury is contrary to and not supported by the evidence."

"26. That the judgment of the court is contrary to and not supported by the evidence."

■ Under all the rules and decisions, these assignments are too general. They do not point to any specific error, and cannot be considered.

In response to properly submitted special issues, the jury found: (a) That appellee fell from his truck on March 14, 1938, while assisting in placing logs on the truck; (b) that he sustained an injury as a result of the fall; (c) that appellee was an employee of the J. S. Hunt Lumber Company at the time he sustained the injury; (d) that J. S. Hunt Lumber Company retained the right to control and direct the manner, means and method used by appellee in performing the details of the work in which he was engaged when he was injured; (e) that he received his injury in the course of his employment with J. S. Hunt Lumber Company; (f) that he sustained total incapacity to labor as a natural result of his said injury; (g) that such total incapacity began March 14, 1938; (h) that such total incapacity to labor was permanent; (i) that such total incapacity was not temporary; (j) that

such total incapacity was not partial; (k) that plaintiff had not worked in the employment in which he was working at the time he received his injury for substantially the whole of the year immediately preceding March 14, 1938 (the date of his injury) whether for the same employer or not; (1) that no other employee of the same class as plaintiff had worked substantially the whole of the year immediately preceding March 14, 1938 (the date of the injury), in the same or similar employment as that in which plaintiff was engaged on said date, in the same or a neighboring place to that where he sustained his injury; (m) that $40 per week would be a weekly wage just and fair to the parties; (n) that the compensation should be paid in a lump sum; (o) that plaintiff's total incapacity was not caused solely by the previous injury received by him on April 1, 1936, while working for the Ford Motor Company in Dallas; (p) that the injury received by plaintiff on April 1, 1936, while working for the Ford Motor Company in Dallas County, Texas, did not combine to produce plaintiff's present incapacity; and (q) that the plaintiff's present incapacity was not greater because of the prior injury received by him on April 1, 1936, while working for the Ford Motor Company, in Dallas County, Texas. On these findings the judgment for appellee was rendered. All of the findings have support in the record.

■ We gather from the record that the main contention was as to whether appellee Samanie was an employee of J. S. Hunt Lumber Company at the time he received his injury, or whether he was an independent contractor hauling logs for J. S. Hunt Lumber Company. Samanie was hauling logs for J. S. Hunt Lumber Company, using his own truck, and was paid a stipulated price per thousand feet. The contract of employment was oral. Largely the determining factor in ascertaining whether one is an employee or an independent contractor is whether the employer has the right to exercise control of the worker in doing the material things in the performance of work to be done—to control the details of the work. The jury found that appellee was an employee of J. S. Hunt Lumber Company at the time of his injury—that J. S. Hunt Lumber Company retained the right to control and direct appellee in the details of the work he was employed to perform. The record reflects that Samanie was employed by John Muller, assistant manager for J. S. Hunt Lumber Company; that the contract was oral; that Samanie furnished his own truck with which to haul the logs and was paid a stipulated price per thousand feet; that there was no agreed length of time he should work for the company, nor that he was to haul any specific amount of timber, nor from any specific tract of land; the contract could be terminated by either party at will—that is, he could quit at any time he chose, and the company could fire him whenever it desired; Muller instructed him what days to work and what days not to work— must work regularly not "work today and lay off tomorrow"; Muller instructed him where to haul from and where to unload the logs, and on many occasions instructed him not to haul logs from the woods to the mill, but to move timber from the mill yard to the mill skidway; he was told what time of day to report for work and to haul as many as three loads per day and to arrive at the mill as early as possible in the evenings, before night, if possible, and when he was moving timber from the mill yard to the skidway, Muller told him to "go to work with the whistle and to quit with the whistle."

Several trucks owned and operated by the company were hauling on the same job with appellee Samanie, and Muller instructed him to permit company trucks to load first, and at times was required to wait for a considerable period before he could load his truck; he was instructed how to load his truck—to boom the load securely and to see that the logs were loaded evenly and boomed tightly and was told to boom with three boom chains instead of two; that he could haul three loads a day and that they "may average 1,000 feet to the load"; was directed the roads over which to travel in hauling timber from the woods; was directed to get out a maximum load and get it to the mill as quickly as possible; to stay within the speed limit, drive carefully and to watch the load, and not to pick up hitch-hikers; when the roads were soft and wet he was directed to load the truck one-half and carry that to the highway, unload and go back and get the other half load and return to the first half and pick it up—this was called "doubling out" of the woods.

Samanie was paid every fifteen days at the offices of J. S. Hunt Lumber Company

on the same day and at the same place as all of the other employees. In addition to his work of hauling logs, Samanie was, on many occasions, instructed by Muller to perform other services such as to carry an employee from the mill to the woods from where the timber was being hauled, for the purpose of repairing or building roads for the trucks, and for himself to assist in such work; to assist other employees in loading their trucks; to carry feed and groceries to employees in the woods; to carry parts of machinery from the mill to Willis for repair. All the work—log hauling—was done under the supervision and direction of Muller, assistant manager, who exercised control over and directed the activities of the employees.

On the facts, it occurs to us, there could be little question as to appellee being the employee of the J. S. Hunt Lumber Company. Jones v. Fann, Tex.Civ.App., 119 S.W.2d 735. The pleadings and the evidence raised the issue as to whether appellee was an employee of J. S. Hunt Lumber Company. The jury found that he was such employee, and we think the evidence amply supports the finding.

The judgment should be affirmed, and it is so ordered. Affirmed.