**TEXAS INDEMNITY INS. CO. v. STEVENS et al.**

No. 11000.

Court of Civil Appeals of Texas. Galveston.

Dec. 14, 1939.

Rehearing Denied Jan. 11, 1940.

T. W. Arrington, of Tulsa, Okl., and A. R. Rucks and Robt. M. Lyles, both of Angleton, for appellant.

Morris Pepper and Phil D. Woodruff, both of Houston, for appellees.

GRAVES, Justice.

This appeal is from a $6,052.27 judgment in favor of appellee and his attorneys against appellant, entered in response to a jury-verdict upon special issues and upon independent findings of the court itself from the evidence, as for 401 weeks of compensation at $17.92 per week, for a total and permanent disability suffered by the appellee from a hernia, found by the court and jury to have resulted immediately from an accidental injury received by him on,

September 19 of 1938, while in the course of his employment for the appellant's insured, the Stanolind Pipe Line Company; the total compensation so awarded having been reduced to the amount given, as the lump-sum value thereof at the time of the trial.

Appellant inveighs against the action so taken below on numerous grounds, of which the most vital one—in its own opinion—is its claim that the trial court reversibly erred in refusing to allow it to introduce evidence tending to show that an operation for hernia at the cost of approximately $250 was still available to and would cure the appellee of his claimed disability in about eight weeks time; and that appellee himself intended to use for that purpose some of the money that he might derive from this litigation; its contention for admissibility of such testimony being that it had a material bearing upon the duration and permanency of the declared-upon injury to the appellee, as well as upon the nature and extent of the incapacity claimed to have resulted therefrom.

While there is serious question as to whether this matter is properly presented in the rather involved propositions appellant tenders, it is held here, after a review of the record, that it could not be sustained, were it in all respects properly raised; this for the reason that the undisputed evidence showed that the Industrial Accident Board, when this claim for compensation was pending before it, had, on February 21 of 1939, made an interlocutory order requiring appellant to give the appellee a hernia operation; that the appellee at the time had been ready and willing to submit to such an operation up to and through March 23 of 1939, of which fact he had duly notified the appellant, but that the appellant had refused to comply with such requirement, and, instead, after giving the proper parties notice of such refusal, it had resorted to the court upon its claim that it was not liable to appellee for any compensation growing out of such alleged accident.

In other words, to re-state the matter in its own language, the gist of its contention is thus put:

" * * * error was committed by the court in excluding relevant and material evidence offered by appellant, to the effect that appellee desired an operation for hernia; that he and his wife planned for him to secure an operation as soon as possible; that an operation would cure his hernia in approximately eight weeks or two months time; that there was nothing unusual about his hernia or about his physical condition that would render him a poor operative risk, but on the contrary he was a good operative risk and that said operation would cost approximately $250.00, which evidence was offered for the purpose of aiding the jury in determining the extent and duration of the disability, if any.

"Appellant was erroneously denied the right to introduce such testimony on account of the failure of appellant to comply with an order of the Industrial Accident Board, which denied appellant a trial de novo, as provided by statute."

The effect of the recent decisions of this court and of the Supreme Court in the case of Texas Employers' Ins. Ass'n v. Tally, Tex.Civ.App., 122 S.W.2d 1095, and Tex.Civ.App., 125 S.W.2d 554, is thought to have foreclosed the question thus raised by appellant adversely to it; substantially the same position was taken by the insurer in the Tally case, in insisting that, having had the right to furnish an operation for the insured before the Board, it could again tender the same thing in the district court; likewise here appellant in this wise sought to get before the jury the fact of its willingness to have the appellee so operated upon by proffering this testimony as to what the anticipated effect of the operation might be, as well as what it would cost; whereas, both courts, in Tally's case, pointedly held in effect that the refusal of the insurer to comply with the Board's order requiring the operation, it having under the compensation law exclusive authority to do that, eliminated all questions regarding such an operation after the cause reached the court for the visitation of such successive authority as it could exercise over the same; in other words, when the insurer refused to comply with the Board's order, all questions relating to a hernia operation became no longer applicable, and there was left to the court nothing else to do than try it under the general provisions of the compensation law, as the learned trial Judge did in this instance.

This amounted to no denial of any right to appellant, nor deprived it of a trial de novo upon any issue then legally left in the case; it had sinned away its day of grace by not taking advantage of the sole authority the Board possessed to require the operation. and, instead, had taken the cause

into the courts shorn of any persisting right or authority there for anything to be done about such an operation.

Indeed, the privileges as affect both the claimant and the insurer with respect to a hernia operation appear to be correlative, under the compensation act; by R.S. Article 8306, section 12b, the Board may direct the insurer to give the claimant an operation by interlocutory-order; should it prove unsuccessful, but not result in death, the ensuing provision as to the claimant is, "he shall be paid compensation under the general provisions of this law the same as if such operation had not been had"; on the other hand, if the Board orders the operation and the claimant refuses to submit to it without just cause, then the act limits the period during which he is entitled to compensation for incapacity under such general provisions to the short time of one year, or fifty-two weeks—that being the penalty against him, in turn, for a refusal to comply with the Board's order. He likewise in court thereafter could not revive the hernia operation question, and again seek its advantages there.

The proffered testimony thus not only related to a no-longer material issue in the cause in court, but also—had that bar not been in its way—could at most have had a mere secondary and indirect bearing, if any at all, upon the then-live issues it was so claimed to relate to; but these— that is, the nature, extent, and duration of appellee's alleged injury and consequent disability—were all submitted by the court —without any reference to the erstwhile hernia operation order, or its repudiation— in appropriate special issues Nos. 1 to 16, inclusive; and these inquiries, as indicated supra, were, in response to full, material, and direct testimony thereon from both sides, all answered in appellee's favor; as part thereof the court permitted the physicians summoned by the appellant to freely testify as to their findings and opinions concerning appellee's then condition and ability to work, excluding only those relative to the advisability and probable effect of a hernia operation at that time.

Without further discussion, it is held the exclusion of the proffered testimony was not error.

◼ Appellant's second proposition, undertaking to inveigh against the court's award of compensation to appellee from September 19 of 1938, the date of the alleged injury, up to and including one week after February 8 of 1939, on a claimed hiatus as to fixing any date when the disability began, is not entitled to consideration; this, for the reason that none of its assignments—Nos. 1, 2, 27, 30, and 36, to which the proposition is appended as being germane—points out any specific error, but all call for a hunting expedition into the record and a piecing together of disconnected parts thereof in a vain effort to construct an assignment of error in substantial compliance with the rules; assignments 1 and 2 are so general as to point out nothing, being merely that the verdict is contrary to the law and wholly unsupported by the evidence; 27, 30 and 31 are composed of mere references to portions of appellant's exceptions to the court's main charge, which did not appear in the motion for a new trial, but mere references were there made to certain paragraphs of general objections urged to the court's charge; under the authorities, these presentments are unacceptable. Donnell v. Talley, Tex. Civ.App., 104 S.W.2d 920; 3 Texas Digest, Appeal and Error, ☞ 724(3) and 733; Southern Underwriters v. Samanie, Tex. Civ.App., 130 S.W.2d 1090; Fort Worth & R. G. Ry. Co. v. Downie, 82 Tex. 383, 17 S.W. 620; City of Ft. Worth v. Johnson, 84 Tex. 137, 19 S.W. 361; Holmes v. Uvalde Nat. Bank, Tex.Civ.App., 222 S.W. 640; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

◼ If the proposition were considered, however, it could not be sustained; because the evidence shows (and the court and jury in effect found) the appellee to have been totally incapacitated from September 19 of 1938—the date his injury was specifically shown to have been suffered; the court will accordingly be presumed to have found from such evidence that the initial compensation date was coincident with that of the injury, if such finding be necessary to support the judgment rendered; especially so, since appellant wholly failed either to object to the form of the court's charge upon this feature, or to request the submission of any issue seeking to elicit a finding as to the exact date upon which such total and permanent disability should begin. Hicks Rubber Co. v. Harper, Tex.Sup., 132 S.W.2d 579.

Under the facts found by the jury in this instance, these authorities support the conclusion that the court was both authorized to make, and impliedly did make, the necessary fact-finding in support of the judgment: Traders & General Ins. Co. v. Baker, Tex.Civ.App., 111 S.W.2d 837,

error dismissed; Traders & General Ins. Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682, writ dismissed; Southern Casualty Co. v. Fulkerson, Tex.Com.App., 45 S.W.2d 152.

It is next asserted that the evidence is insufficient to support the jury's answers to special issues Nos. 4, 5, and 6, to the effect that appellee's injury resulted in a hernia, which appeared suddenly and immediately thereafter; there is an extended discussion of the testimony given by the various physicians for both parties, some of whom testified from personal examinations made of the appellee, and others in response to hypothetical questions; in the exercise of its province, however, this court has laboriously considered this mass of testimony, with the conclusion that, upon the whole, there was ample support for the challenged findings.

Error is next assigned to the form of special issue No. 17, inquiring whether the payment of compensation to appellee in weekly installments, instead of a lump sum, would result in a manifest injustice to him, "because the same nowhere requires the jury to find whether or not this is a special case wherein a manifest hardship and injustice would otherwise result if defendant were not compelled to redeem its liability, if any, in a lump sum."

Without quoting in his verbis issue No. 17, since the substance of it has been given, it is determined that, in similar circumstances, our courts have held that it was not error to omit the contended for recitation as to "whether or not this is a special case", etc. Miller Indemnity Underwriters v. Green, Tex.Civ.App., 237 S.W. 979; Texas Employers' Ins. Ass'n v. Cheek, Tex. Civ.App., 63 S.W.2d 1103.

There are other assignments presented questioning the rulings of the court as to the admission of evidence and as to the manner in which the issues of fact were submitted to the jury, but under the conclusion that they involve no reversible error, they are overruled without further discussion.

Upon the whole cause, it is thought the theory of the trial court in submitting it to a jury as being one triable under the general provisions of the compensation law—the insurer undisputedly having refused to comply with the Accident Board's order requiring it to give appellee a hernia operation—was the correct one; further,

that the issues as submitted deprived the appellant of no legal right, and that the verdict and judgment are not unsupported by the evidence; hence the judgment should be affirmed; it will be so ordered.

Affirmed.